## ATWOOD vs. NORTON.

A verbal contract made on the 14th December, 1859, for the rent of house and lot, for the year 1859, is an agreement not to be performed within the space of one year from the making thereof, and, therefore, void under the Statute of Frauds, etc.

Assumpsit for rent, in Greene Superior Court. Tried before Judge HARRIS, at the September Term, 1860.

Atwood brought an action, in Greene Superior Court, against Norton, to recover two hundred and fifty dollars, for the rent of a house and lot in the town of Greensboro', known as the "Merrill place."

To this action the defendant set up, amongst other pleas, that the contract was void, as being against the provisions of the statute of frauds.

On the trial of the case, in the Court below, the following evidence was adduced, to wit:

### Evidence for the Plaintiff.

GEORGE O. DAWSON testified: That, as agent for the plaintiff, he rented to defendant a house and lot in Greensboro', known as the "Merrill lot," for the year 1857, at the sum of two hundred and fifty dollars, fifty dollars of which sum was to be laid out and expended by the defendant in repairs upon said place. The contract was closed near the corner of Mr. Samuel Davis' garden, on the 14th of December, 1856, and after the witness had had a conversation with Mrs. Norton, Miss Celestia Foster, and Mrs. Poullain, and had left them, defendant told witness he would take the house at the price stated, and that it was a trade; and defendant was told by witness, that he could have possession at any time he wished; that owing to the said contract, the house was not rented to any one else, as the witness and plaintiff relied on the defendant taking it; that a few days before Christmas, 1856, a dispute arose between defendant and the witness, as to the renting of the house, in which defendant denied renting it, upon which, witness slapped his jaws; at that time, one William C. Smith had the key of the house; nothing was said about reducing the contract to writing, nor was there any writing executed; plaintiff had instructed the

CONTRACTS BETWEEN LANDLORD AND TENANT. "The contract for the rent of the place was made on the 25th of December, 1875, for the year 1876, and it is insisted that it is within the statute of frauds, and must be in writing. We think that the Code controls it now, whatever may have been the rule before, as laid down in 31 Ga. 507, for §3117 of the Code of 1895 declares that 'contracts creating the

witness to rent the house at three hundred dollars if he could, and if he could not, to take less.

. HIRAM ROUZZER testified: That defendant told witness, a short time before Christmas, 1856, that he either had rented, or had a notion of renting the Merrill place (witness not remembering which) and wanted witness to do some repairs on the place; defendant said he preferred to get witness to do the work, rather than employ a negro to do it; no work was done by witness on the lot for defendant.

JOHN A. MILLER testified: That sometime in December, 1856, the defendant requested witness to go with him to the Merrill place, saying, that he had rented it for the next year, and was to give two hundred and fifty dollars for it; upon going to the house, we found Mr. McRea in possession, and plaintiff's furniture was in the house.

Miss MARY H. MATTHEWS, in answer to interrogatories, testified: That she met the defendant in the street, in the town of Greensboro', when defendant asked witness if she knew that he was going to be her neighbor? or told witness that he was going to be her neighbor, the witness does not recollect which expression was used, nor the time it was used, but it was before the difficulty between the defendant and Mr. Dawson.

The following letters of defendant were read in evidence:

"GREENSBORO', October 24, 1856.

. MR. H. ATWOOD—*Dear Sir:* I wish to rent a dwelling house for next year. The object of this letter is to inquire if your Merrill house is to rent. If yea, what is the lowest price for it? I can give you as good a note as this town can make, to secure you the rent. Please answer by return mail.

Yours respectfully,    C. C. NORTON."

"GREENSBORO', December 10, 1856.

MR. ATWOOD—*Dear Sir:* As you requested when I last talked with you about the rent of your Merrill lot, I write to inform you, that I am bound to give another person an answer by Saturday, whether I will rent his house or not. I now renew my offer to you, to rent your house. Will give you $250 from January to January, 1858. You to move your furniture, and have a chimney built, and the part of the house shingled that leaks. If you prefer, I will make these improvements and deduct it from the rent. Please let

me hear from you by Saturday morning. Neither Mr. Dawson or McRea are in town.

Yours truly,          C. C. NORTON."

"December 13, 1856.

MR. ATWOOD—*Dear Sir:* Mr. Dawson got home last night. I can wait for an answer about the house until next Tuesday morning. Mr. George O. Dawson will be here only a day or two, I learn.

Yours truly,          C. C. NORTON."

JAMES L. BROWN testified: That Miss Mary H. Matthews resides in the neighborhood of the Merrill place.

### Evidence for Defendant.

In answer to interrogatories taken out for Mrs. Evelina H. Poullain and Miss Celestia C. Foster, Mrs. POULLAIN testified: That she had a conversation with Mr. Geo. O. Dawson, at her house, in the town of Greensboro', on the 17th of December, 1856; in which Mr. Dawson said, that as he could not rent the Merrill place belonging to the plaintiff, to the defendant, he had come to see if he could not rent it to the women. To this, witness replied that she had nothing to do with the renting of the house, herself, but that she would be satisfied with any arrangement he might make with the defendant and Thomas N. Poullain, Jr., as they were her agents, in whom she had the utmost confidence. Defendant then came into the room, and in the course of the conversation, said that Mr. Dawson could not rent the house to him on the terms proposed, inasmuch as he (Dawson) had refused to put the needed repairs upon the house to make it comfortable; that the house needed shingling, the fence repairing, and an outhouse needed a chimney. Mr. Dawson replied that he would make no repairs, but wanted defendant to give him his note for $250 for the rent, and if he got the note he cared nothing about repairs. To this, defendant replied that if he, Dawson, would draw up such an instrument, in writing, as would be agreeable to him and Mr. Poullain, he would sign it.

Miss CELESTIA C. FOSTER testified: That she heard the conversation detailed by Mrs. Poullain from the point at which the defendant entered the room as referred to by her,

and that she corroborates Mrs. Poullain's evidence from that point.

Both witnesses further testified: That said house and lot were to have been rented for Mrs. Evelina H. Poullain; the contract was to be in writing; the price to be paid, was two hundred and fifty dollars, provided the repairs aforesaid were placed upon the property; there was no agreement about plaintiff's furniture, although something was said about it; the witnesses do not know, of their own knowledge, that Mr. Dawson was plaintiff's agent; they never had but one interview, or heard but one conversation with Mr. Dawson on the subject of renting the Merrill place, and that one is the one before detailed.

The testimony being closed, the presiding judge said: "That in his opinion, the plaintiff had failed to overcome the bar of the statute of frauds, which the contract involved, and that it was proper, upon the proofs made, to order a nonsuit, and that he did so order."

This decision is the error alleged in the record.

WINGFIELD, for the plaintiff in error.

REESE, for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

The objection to the plaintiff's right to recover in this case, is, That the contract was obnoxious to the statute of frauds, in this: that it is an agreement that is not to be performed within the space of one year from the making thereof; the same not being in writing and signed by the party to be charged therewith. And we think that the objection is well taken. The testimony of Dawson is, That, on the 14th of December, 1856, he, as the agent of the plaintiff, rented to the defendant a house and lot, in Greensboro, for the year 1857, for the sum of $250, $50 of which sum to be expended in repairs upon said place. The contract of the plaintiff was, that the defendant should have the use and occupation of the premises during the entire year 1857. His right to the enforcement of the defendant's agreement, depended upon his full performance of the contract, and that could not be completed within one year from the 14th of December, 1856.

So the agreement was not to, and could not, be performed within one year from the making thereof, on either side, and does not, therefore, fall within the rule laid down by this Court in *Johnson vs. Watson*, 1 *Kelly* 351, or any of the cases there cited.   One of the tests for determining whether an agreement falls within the statute is, whether either of the parties can terminate the contract without violating its terms within the year.   In this case, it is manifest that neither could do so, without the assent of the other.

The plaintiff relies mainly on the fact, that the contract was the result of written propositions by the defendant for the rent of the premises during the year 1857.   Counsel insisting, that when a proposition is submitted on the one side in writing, and accepted on the other, that the contract is not within the statute, although it is not to be performed within the year, notwithstanding, the acceptance was not in writing, and a number of authorities were read in support of that proposition.   It is unnecessary to decide that question one way or the other, as it is not the case before us.   The proposition made by the defendant, is to be found in his letter of the 10th of December, addressed to the plaintiff, in which he says: "Will give $250 from January to January, 1858.  *You to move your furniture, and have a chimney built, and the part of the house shingled that leaks.*"   If the plaintiff had accepted that proposition, the case would have been the one contended for by his counsel—but he did not.   The agreement actually made and sued upon, is a very different one.   In the agreement sued upon, and proven, the defendant agreed to pay $250 for the rent, $50, only, of which was to be expended in repairs.   In the written proposition of defendant, a chimney was to be built, and the roof repaired by the plaintiff, no matter what the cost of such repairs, or improvement, might be.   In the one sued on, the cost of repairs is limited to $50, and in that lies the difference, which is sufficient to prevent the application of the principle relied on, to this case.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.