## HARPER *v.* GORLEY.

The answer of the defendant being, in effect, an application for a decree of specific performance of a parol contract for the sale of land, and the facts alleged as a part performance of the contract not being sufficient to take the same without the operation of the statute of frauds, there was no error in sustaining the oral motion to strike the answer.

Submitted April 24,—Decided May 20, 1907.

Complaint. Before Judge Lewis. Baldwin superior court. July 30, 1906.

Mrs. M. E. Gorley brought suit against C. R. Harper upon a promissory note for $200. The defendant filed an equitable plea, which alleged: R. H. Harper died testate. He devised a half interest in seven hundred acres of land to his wife, Edna, and the other half interest to the plaintiff, who was a daughter; and the will provided that upon the death of Edna Harper her half interest in this land should go to the three other children of Robert Harper, one of whom was the defendant; and in the event the plaintiff

died without children, her interest also was to go to these three children. The plaintiff, the defendant, and the other children referred to in the will were the children of a former marriage, and not the children of Edna Harper. Upon the death of R. H. Harper, his widow and the plaintiff divided the seven hundred acres, except the ten acres immediately surrounding the house. The rooms in the house were divided, as well as the other houses and buildings on the ten acres. There seems to have been no other division of the ten acres, and Edna Harper and the defendant each remained in possession of the portions of the dwelling and of the outhouses assigned to them and the ten acres. At the time of the death of Edna Harper, J. B. Harper was living on the part assigned to her, as her tenant. After the death of Edna Harper, the plaintiff and the defendant each recognizing that the defendant had an interest in the ten acres and the house, the plaintiff agreed to give the defendant one hundred dollars for that interest, and to credit that amount upon the note sued upon; and this arrangement was consented to by the defendant. It is alleged that as a result of this agreement the plaintiff went into possession of the interest of the defendant in the house and lot. Thereafter there was a complete division and settlement of the interests of the children of R. H. Harper in the property devised to his wife, and deeds were passed between the parties, perfecting this settlement. Subsequently the defendant, wishing to make a settlement of his note, tendered to the plaintiff $100 and interest; and he avers his readiness to make to the plaintiff a deed to his interest in the house and ten acres, in accordance with the agreement above referred to. The plaintiff declined to accept the amount tendered, or the deed; for the reason that her husband objected. The plea avers that the defendant is still willing to pay the $100 and interest, and deliver the deed, and makes a continuing tender. It is also alleged that the three children who were interested in the remainder interest in the land gave to the plaintiff a deed to 80 acres of land, and that a part of the consideration of this deed was the $100 to be paid to the defendant by the plaintiff and the credit of the same on the note sued on. It is averred that the plaintiff accepted the possession of the defendant's interest in the house and ten acres, in discharge of the $100 due on the note sued on. The plea concludes with a prayer that a decree be entered requiring the plaintiff to enter a credit of $100 on the

note, thereby saving the defendant from the painful and unpleasant act of bringing suit against his sister for his interest in the house and lot now in her possession. A motion was made to strike the plea, upon the 'ground that it set up nothing more than a parol agreement in reference to the sale of land, and that there was nothing in any of the averments which would take the transaction without the operation of the statute of frauds. This motion was sustained. Thereupon the court entered a judgment against the defendant for the amount sued for, and the defendant excepted.

*D. B. Sanford* and *D. S. Sanford,* for plaintiff in error.

*Allen & Pottle,* contra.

COBB, P. J. (After stating the facts.)

The plea, in effect, is an effort to compel specific performance of an agreement for the sale of the interest of the defendant in the ten acres of land to the plaintiff. It is an application of the vendor to compel the vendee to accept the deed and make an appropriation of the purchase-money in the manner set forth in the agreement. While the plea does not, in terms, allege that the agreement was in parol, this may possibly be inferred from the averments of the same, when the plea is taken as an entirety. Counsel for each party have so construed the plea, both in the trial court and in this court; and for the purposes of this decision we will allow this construction to be operative. The agreement being merely verbal, it is not enforceable, for the want of a writing, unless there are facts alleged which would amount to such a part performance as would make it a fraud to allow the party against whom the relief is prayed to defeat the opposite party by pleading the want of a writing. Mrs. Gorley was in possession. It is true that she was a tenant in common, but nevertheless she was in possession. There was no change in the status resulting from the agreement. The status was the same after the agreement as it was before. The defendant parted with nothing that he had prior to the agreement, and was paid nothing. The facts are not sufficient to make out a case of part performance. It is true that the plea avers, in effect, that the transaction relating to the eighty acres of land involved this matter, but the averments are so uncertain and indefinite as to the connection between these two transactions that it can not be said that they contain any matter which would be sufficient to take the case without the operation of the statute of frauds. If the decree for specific per-

formance is denied, the defendant is not at all prejudiced. It is true that he will be compelled to pay the judgment on the note, but this judgment will in no way interfere with his prosecuting a suit to recover his undivided interest in the ten acres.

*Judgment affirmed. All the Justices concur.*