## KINDERLAND *v.* KIRK.

1. A writing signed by an owner of land or his authorized agent, acknowledging the receipt of a part of the purchase-money, but entirely omitting any reference to the purchase-price, does not comply with the statute of frauds relating to contracts for the sale of land.

2. Where partial payment, accompanied by possession, is relied upon to take a parol contract for the sale of land out of the operation of the statute of frauds, the possession of the vendee must be actual, definite, and exclusive of the vendor, and with the express or implied consent of the vendor.

Argued June 18,—Decided October 13, 1908.

Equitable petition.   Before Judge Wright.   Cobb superior court. December 10, 1907,

*J. P. Brooke,* for plaintiff in error.

Evans, P. J.   T. J. Kirk brought his petition against Anna Kinderland, praying specific performance of a parol contract for the sale of land, and that the defendant be enjoined from interfering with the plaintiff's possession.   It appeared from the allegations of the petition that the defendant was the owner of a small parcel of land which she agreed to sell to the plaintiff for $200. By the terms of the contract of sale the plaintiff was to pay $50 cash; $50 as soon as the defendant presented a bond for title, and $100 on November 20, 1907.   The contract of sale was made on November 20, 1906; and as neither party could write, defendant instructed plaintiff to make the cash payment of $50 to C. H. Griffin, and take his receipt.   Accordingly the plaintiff paid $50 to Griffin and took from him the following receipt: "Received from T. J. Kirk fifty dollars for Anna Kinderland, and being the first payment on five acres of land sold to said Kirk; being five acres of the property known as the Gary Kinderland home place. This Nov. 20th, 1906.   [Signed] C. H. Griffin."   After making this payment the plaintiff went into possession of the land.   On January 19, 1907, plaintiff tendered the defendant $100 with a request that she execute a bond for title according to the terms of the contract of sale.   The defendant declined the tender and refused to execute a bond for title.   It was alleged that plaintiff had made improvements on the land, that the defendant was insolvent, and was interfering with the plaintiff's possession.   The suit was filed February 12, 1907.   At the appearance term a demurrer was

filed on the grounds, that no cause of action was stated; that the alleged contract was in parol; that there was no such part performance as would except the contract from the operation of the statute of frauds; and that the suit was prematurely brought. After hearing the demurrer the court passed an order adjudging "that the same be sustained, and that the case so far as it seeks specific performance be stricken; but that plaintiff has the right to go to trial on the issue of injunction." No exception was taken to this judgment. Afterwards the case was tried on its merits, and the jury returned the following verdict: "We the jury find in favor of the injunction;" upon which verdict a decree was entered. A motion for new trial was made and overruled, and exception is taken to the refusal of the motion for new trial, and also to the decree.

The right of the plaintiff to an injunction depends on the validity of the contract of sale. The statute of frauds (Civil Code, §2693, par. 4), requires that a contract for the sale of land shall be in writing, signed by the vendor or some person by him lawfully authorized. The original negotiation for the sale of the land between these parties was verbal. There was a sharp conflict between the plaintiff and defendant as to what really occurred. The plaintiff testified that the defendant sold him the land upon the terms stated in the petition, and directed him to pay the cash installment to Mr. Griffin, and to take his receipt. The defendant denied this. Conceding that the verdict decided this issue adversely to the defendant, and that the receipt given by Griffin to the plaintiff was executed by the authority of the defendant, the receipt was ineffectual to take the contract out of the statute of frauds, because of the omission of the purchase-price. *Corbin* v. *Durden,* 126 *Ga.* 429 (55 S. E. 30). The evidence, therefore, must bring the case within one of the exceptions contained in Civil Code, §4037, in order to render the contract valid. The plaintiff contends that the proof at the trial was sufficient to authorize the jury to find that he had made a partial payment of the purchase-money, and had entered into possession of the land under the contract. The undisputed evidence was, that at the time of the alleged sale the defendant had a tenant upon the land, occupying the dwelling-house thereon, and that this tenant never surrendered possession of the house, and was in possession at the time of the trial. It

also appeared in evidence that soon after the alleged purchase the plaintiff paid the $50 cash installment to Griffin, and a short time thereafter cut some wood from the land, and cleared up some of the woodland, but the extent of the clearing does not appear. The whole lot of land only embraced five acres, so it must have been inconsiderable. The plaintiff testified in a general way that he was in possession of the land, but admitted that he had never been in possession of the house. The defendant maintained that the plaintiff's entry on her land was without authority, and was but a trespass. Was the plaintiff's possession such possession as, when coupled with a partial payment of the purchase-price, will amount to such part performance as will uphold and render enforceable the parol contract of sale? Mr. Pomeroy, in his treatise on Contracts, says, that the possession of the vendee must not only be with the consent of the vendor, but it must be actual, definite, and exclusive; that the proof must unequivocally show which land is possessed, and that it is possessed by the purchaser exclusively, and not concurrently with the vendor; that the possession must indicate the commencement of a new interest or estate. §§ 119, 120, 121. The exception that partial payment of the purchase-price, accompanied by possession, is such part performance as will take a parol contract for the sale of land out of the statute of frauds rests upon the principle of equitable estoppel that the vendor has so dealt with the purchaser in receiving a part of the purchase-money, and putting him in actual possession of the land in part execution of the contract of sale, that it would be a fraud upon the vendor's part to repudiate the contract and stop short of its complete execution. It is the acts of the vendor which raise the estoppel; it is the vendor's receiving some part of the purchase-price, and his consent, express or implied, to the complete and exclusive occupation of the land by the vendee. Where the vendor manifests his intention to withhold possession of the land by a positive assertion of his actual occupancy, and the vendee, with a purpose of enforcing his invalid parol contract, enters upon other portions of the land, it can not be urged that the forced possession of the purchaser is a fraudulent act of the vendor. The change of possession from the vendor to the vendee comprehends the conjoint action of both. That change can never become complete until the vendor relinquishes and the vendee assumes exclusive possession of the land agreed to be sold.

So long as the vendor asserts his possession by actual occupancy of the land, he can not be said to have surrendered possession to his vendee. Until the vendee shows that his possession was exclusive, and by the express or implied consent of the vendor, he is not in a position to urge that the vendor committed a fraud upon him. Miller v. Lorentz, 39 W. Va. 160 (19 S. E. 391). A fundamental requisite for the validity of a contract for the sale of land is that the land must be definitely described; and where the contract is oral, this essential element can only be supplied by the actual and exclusive possession of the land by the vendee. Looking to the evidence we discover that the vendor refused to give possession of the house in the occupancy of her tenant. She has resolutely and persistently kept possession of the house. The plaintiff does not contend that he was placed in possession of any part of the land by the defendant; his contention is that by virtue of his purchase he was entitled to possession, and did take possession of some of the land, and cut timber thereon. His possession has never been exclusive of the defendant, and he does not claim that the defendant ever delivered to him the actual possession of the land. We therefore conclude that under the undisputed evidence the plaintiff has not taken his case without the statute of frauds, and that the verdict in his favor is without evidence to support it.

We are also supported in our construction of the evidence by the terms of the decree, to which exception is taken. One clause provides "that the petitioner do recover of the defendant the possession of the premises in dispute." The judgment for the recovery of the possession of the premises is utterly inconsistent with the basal idea of his claim for injunction to restrain interference with his possession.                    *Judgment reversed. All the Justices concur.*