## Lowther v. Scheirich, et al.

(Decided June 6, 1922.)

### Appeal from Franklin Circuit Court.

1. Contracts—Options—Pleading.—In declaring upon a contract or option the plaintiff must allege it to have been in writing, or the presumption that it was a verbal contract or option will be indulged by the court.

2. Contracts—Options—Commissions.—Before Lowther could enforce a contract to pay him a commission on a sale which he avers he agreed to make and was ready, able and willing to perform, he must aver and prove that the contract or option which he had upon the property proposed to be sold was a binding and enforceable one.

E. C. O'REAR, W. G. DEARING and HAMILTON & POLSGROVE for appellant.

HENRY M. JOHNSON, H. J. SCHEIRICH, C. C. HIEATT, HOGAN YANCEY, S. S. YANTIS and E. SELBY WIGGINS for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant Lowther commenced this action against Scheirich, Yantis, Stilz, Yancey, Hieatt, Brown, Johnson and Wiggins, to recover $20,000.00 alleged to be due him as commission on a sale of certain oil and gas leases situated in Jackson and Estill counties, Kentucky, belonging to Duquesne Oil Company, a Pennsylvania corporation, with offices in Pittsburg. A general demurrer was sustained to his petition as amended, and upon his declining to further plead his cause was dismissed. Complaining of this, he appeals.

In his petition he set up and relied upon two writings, one of date November 7, 1918, reading as follows:

"AGREEMENT.

"This agreement by and between D. C. Wiggins & C. F. Lowther said D. C. Wiggins agrees to give C. F. Lowther any amount he saves by the purchase of property of the Duquane Oil Co., at the price of $100,00.00; said D. C. Wiggins is not obligated unless he makes sale of said property. Mr. C. F. Lowther is to get option on property balance of this week today being Thursday, November 7, 1918. Said D. C. Wiggins agrees to pay $100,000.00 providing he can sell same. Mr. Lowther is to receive any amount he can save on the purchase of the property under $100,000.00.

"D. C. WIGGINS."

And the second one, of date November 14, 1918, reading:

"11-14-18.

"Mr. W. V. Thraves,
        City.

"Dear Sir:

"We will accept the property of the Duquesne Oil Co. at $80,000.00 payable $40,000.00 cash and the balance in 6 and 12 months with lien or leases mortgage executed upon the property to secure the deferred payments we will also agree to carry you in the new Co. to be organized at 200,000 shares without par value for 5,000 shares of stock with privilege given to you to pay for your stock at the rate of 50c per share at any time.

"Respectfully,
        "H. J. SCHEIRICH *for*
            "C. C. Hieatt and others."

He avers that pursuant to the said first writing he obtained an option on the said oil property from the said Duquesne Oil Company at the price of $60,000,00, but Wiggins and associates being unable to close the deal in two days time limited in the option, several additional days were given in which to effectuate the deal, but the defendants, Scheirich, &c., to whom he was about to make the sale, learning that he was buying the property at the price of $60,000.00, whereas they were paying him $80,-000.00, or a profit of $20,000.00, wrongfully refused to take the property at $80,000.00, and waited until the end of the week when appellant's option expired and bought the property from the Duquesne Oil Company at $60,-000.00, the same price and upon the same terms at which appellant had optioned same.

The averment that appellant obtained the option, as made in the petition, must be held and construed to be a verbal option only, for there is no averment that the option was in writing. This rule is sustained by the following cases: Smith v. Theobald, 86 Ky. 141; Combs v. Cardwell, 164 Ky. 542; Smith v. Fah, 15 B. Mon. 443; Bull v. McRea, 8 B. Mon. 423; see also Newman on Pleading and Practice. sec. 555.

A verbal option or contract to buy land or an interest therein, including oil and gas leases, is unenforceable. Beckett-Iseman Oil Co. v. Backer, 165 Ky. 818.

Before appellant Lowther could enforce the contract to pay him commission he was bound to obtain from the

Duquesne Oil Company a binding and enforceable option contract for the purchase of the oil and gas property owned by it in Jackson and Estill counties, Kentucky. As he had, according to his pleading, only a verbal contract, which was unenforceable, he had no cause of action, and the general demurrer to the petition as amended was properly sustained. The pleading was also demurrable upon other grounds not necessary here to consider.

Judgment affirmed.