ANTONIO CERRATO et al., respondents,

v.

GUISEPPE, MEGARO et al., appellants.

[Decided October 20th, 1924.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Foster, who filed the following opinion:

"Complainant seeks a decree for the specific performance of a contract made by the defendant Megaro with him on April 10th, 1923, for the purchase of certain real estate in Newark. The defendant Pirone has intervened and in his counter-claim he asks that complainant be decreed to convey the property to him.

"In October, 1922, Pirone purchased from complainant the business which was then being conducted in the premises in question, and at the same time obtained from complainant a lease for the premises for five years, from November 1st, 1922, with an option for its extension for three years longer.

"The lease also contained the provision that Pirone would be given the first preference to purchase the property at any time before the expiration of the demised term of five years.

"Some time later complainant undertook the sale of the property and offered it at different times to Pirone at prices ranging from $30,000 to $27,500, and Pirone refused to purchase it, stating he did not have the money to pay for it; that he would not be bothered with heating the apartment, and that in a year or two he was going back to Italy to live, thereupon complainant sold the property to the defendant Megaro, and they finally refused to take title, claiming they did not know of the option or preference to Pirone contained in his lease to purchase the property, although they did know of the lease itself. This excuse of defense cannot, of course, avail them, as they are chargeable with

notice of all the lease contains. Furthermore, as Pirone was .in possession, inquiry by the Megaros upon him would have given them all the information upon the subject they desired. *Hoy* v. *Bramhall, 19 N. J. Eq. 563;* *Vredenburgh* v. *Burnet, 31 N. J. Eq. 229.* As a matter of fact, I find the evidence shows that the Megaros did. not have notice of the option or preference granted. to Pirone by. the lease, and, as a matter of fact, I also find it clearly and ·convincingly established that Pirone was given the right to exercise this option or preference, and that he refused to do so, notwithstanding his insistment that he was never given the opportunity to exercise the option or preference at any price, and that he was never given the opportunity to exercise it at the price and on the terms and conditions on which the complainant has agreed to sell the property to the defendants Megaro.

"I have reached these conclusions on the facts without applying the well-settled rule of law, which holds that an option or preference such as .the one in question is an incomplete contract, because of the absence therefrom of the price and terms, and of any method by which these elements of the contract can be ascertained, is unenforceable in view of the statute of frauds.

"Under the facts stated, and following a uniform line of cases in this state and elsewhere, which are cited by Vice-Chancellor Backes. in the case of *McClung Drug Co.* v. *City Realty and Investment Co., 91 N. J. Eq. 216,* &c., it must be held that this so-called option or preference was not exercised by the defendant Pirone, and that it is unenforceable because of the statute of frauds. Complainant is entitled to specific performance of the contract by the defendants· Me-garo, and a decree will be advised to that effect, and that the counter-claim of Pirone be dismissed."

*Mr. Algernon T. Sweeney* and *Mr. Anthony R. Finnelli,* for the appellants.

*Mr. F. D. Mancuso* and *Mr. Charles P. Cerrato,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Foster.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS—15.

*For reversal*—None.