### 18220. SCHADMANN *v.* DURRENCE.

An oral agreement to buy land for a sum named, provided the vendor would purchase an outstanding lease of turpentine timber thereon, was not within the part-performance exception to the operation of the statute of frauds, although he bought the turpentine timber lease, and although, relying on the vendee's promise in January to take the land, and in accordance with his instructions, the vendor omitted to put it under cultivation, and it was too late to do this when the vendee refused to take it in April next.

DECIDED JANUARY 14, 1928.

Attachment; from city court of Claxton—Judge Burroughs. May 10, 1927.

*Seabrook, Kennedy & McWhorter,* for plaintiff in error.

*P. M. Anderson,* contra.

JENKINS, P. J. This was a suit for damages against a vendee, on account of his alleged breach of an oral contract for the sale of realty. The plaintiff undertakes to take the agreement from the operation of the statute of frauds (Civil Code of 1910, §3222), by setting up, in accordance with the provisions of §3223 (3), such part performance on his part as would render it a fraud on the part of the defendant to refuse to comply. The petition alleges that some time in January the defendant orally agreed to purchase from the plaintiff the land in question for a named sum, provided the plaintiff would purchase a certain outstanding turpentine lease of the timber on the premises, and that the plaintiff purchased the lease at a named price; but the petition does not show that in buying up this lease he suffered any loss. He alleges, that, relying upon the promise of the defendant to take the land, and in accordance with the defendant's instructions, he failed

---

. Frauds, Statute of, 27 C. J. p. 359, n. 26.

to put the land in cultivation; and that in April or May after the parol understanding was had in January, and when too late to put the land in cultivation, the defendant refused to carry out the agreement to purchase. The plaintiff sues for the loss sustained in being thus prevented from cultivating the land for that year. The defendant demurred to the petition, both generally and specially; and he excepts to the judgment overruling the demurrer.

"A party to a parol contract which would ordinarily fall within the statute of frauds, who has so far performed the same as to render it a fraud for the other party to repudiate the agreement, is not prevented by the statute from recovering damages for its breach." *McLeod* v. *Hendry,* 126 *Ga.* 167 (54 S. E. 949). But in such a case the acts relied upon by the party seeking to take the oral agreement from within the operation of the statute of frauds must have been done not only in reliance upon but in the performance of the contract. *Graham* v. *Theis,* 47 *Ga.* 479. In the instant case the petition does not show any sort of part performance of the oral contract of purchase and sale. Neither the whole nor any portion of the purchase-price had been paid, and it is not contended that the petition shows that the defendant ever went into actual possession of the premises. *Kinderland* v. *Kirk,* 131 *Ga.* 454 (62 S. E. 582). Even if the plaintiff had alleged that his buying the outstanding turpentine lease resulted in loss to him, such a preliminary undertaking, whereby he merely sought to put himself in position to convey title to the premises, could not be accounted as a part performance of an actual sale. In like manner, any loss, expense or damage which might have accrued to him by reason of his allowing the premises to remain uncultivated while awaiting consummation of the invalid promise to purchase, could not be accounted as a part performance of a sale. The contract of purchase and sale being altogether invalid, and being entirely unexecuted, the provisions of the statute of frauds must be given effect; and the vendor acted at his peril in relying upon the invalid promise, so as to suffer the loss complained of. The court erred in refusing to sustain the general demurrer.

*Judgment reversed. Stephens and Bell, JJ., concur.*