*J. H. Kirby, D. C. Tallant,* for plaintiffs in error. .
*E. W. White, A. G. Liles,* contra.

## 24128. GASKINS v. MOORE.

JENKINS, P. J. 1. A contract for the sale of an interest in lands, like other contracts required by the statute of frauds to be in writing (Civil Code (1910), § 3222) is taken out of the statute, "where there has been performance on one side, accepted by the other in accordance with the

contract," or "where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance." Civil Code (1910), § 3223 (2, 3). "Where, in consideration of a parol promise, a deed to land is executed and delivered, the maker of the promise is not relieved from performing it by the statute of frauds, there having been full performance by the maker of the deed and acceptance, together with possession thereunder, by the other party." *Stringer* v. *Stringer*, 93 *Ga.* 320 (20 S. E. 242) ; *Alderman* v. *Chester*, 34 *Ga.* 152, 159 (3). But "a parol contract for the sale of land is not brought within the exceptions to [the statute] . . by the vendor's making out and tendering to the vendee a deed, unless the vendee accepts the same" (*Graham* v. *Theis*, 47 *Ga.* 479) ; and merely going into possession of land by a vendee under a parol contract is not sufficient, unless his additional acts are such as would render it impossible to restore the vendor to his former status, and thus make it fraudulent and inequitable not to enforce the contract either in equity or in an action at law for damages. 27 C. J. 353, and citations.

2. Where the amended petition by a vendor to recover from a vendee damages for the breach of an oral contract for the sale of land sufficiently set up ownership by the vendor of a salable interest or equity in the land, and further alleged that it was agreed between the parties that "upon petitioner's surrendering to the said [vendee] all his right, title, equity, demand, and possession" of the land, the vendee would "thereupon pay to him the sum of $500 as a consideration for such equity and possession," that "pursuant to said agreement so made by petitioner with the said [vendee], he surrendered to the said [vendee] all of his right, title, equity, claim, and possession" in said land, and that the vendee refused, after demand, to pay the money due, these averments were good, as against mere general demurrer, to show that the plaintiff gave up and the defendant accepted both the possession and the title, and that the plaintiff, in surrendering his title or equity, did what was legally necessary thereto by executing and delivering a deed to the defendant. However, as against the special demurrer, pointing out that these averments were "too loose, vague, indefinite, and uncertain to put this defendant on notice of the nature of the demands made on him, and he is unable to properly defend said paragraphs for these reasons," the defendant was entitled to specific and definite allegations, if such were a fact, showing what deed or instrument, sufficient to transfer the equity and title of the plaintiff, was executed and delivered. Accordingly, while the court properly overruled the general demurrer and all other grounds of special demurrer, after the original petition was amended, the order was erroneous in overruling this special ground, under which an amendment to the petition should have been required.

*Judgment affirmed in part and reversed in part. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 8, 1935.

531

*William Story,* for plaintiff in error.
*I. H. Corbitt, McCall & Jackson,* contra.