## 27533.  HALE v. LIPHAM.

Decided December 1, 1939.

*Lamar Camp,* for plaintiff in error.  *Maddox & Griffin,* contra.

Broyles, C. J.  The sole exception in this case is to the judgment overruling the demurrer to the petition as amended.  In his original petition W. M. Lipham alleges:  (1)  That the defendant, W. B. Hale, is a resident of Floyd County, Georgia.  (2)  That the defendant "is indebted to  .  .  petitioner in the sum of $500, together with interest thereon at 7% per annum, from July 30, 1936, upon an open account.  (3)  That on or about  .  .  July 30, 1936, one F. M. Freeman executed a deed to said Hale to certain property on Branham Avenue in the fifth ward of the City of Rome, and at said time petitioner claimed title to said lots and it was agreed by petitioner and  .  .  defendant that  .  .  defendant would pay petitioner  .  .  $500 as a part of the purchase-price of said property, which  .  .  defendant has never paid, although the same has been often demanded.  (4)  That said account is past due and unpaid."  To meet the defendant's demurrer, the plaintiff amended the petition substantially as follows:  (1)  When said deed was executed, F. M. Freeman "claimed title to said property under an alleged deed from petitioner, which at said time petitioner was claiming was obtained through fraud and that if he had ever executed the same that it was executed at a time when he was not mentally capable of executing a deed.  (2)  That this claim on the part of petitioner was known to the defendant and it was mutually agreed between the defendant, Freeman, and petitioner that the consideration to be paid by defendant for said property was $1000 and that if petitioner would not file any suit to recover said lands but would permit  .  .  Freeman to complete said trade and execute a deed to defendant that said consideration was to be divided and petitioner receive  .  .  $500.  (3)  That in accordance with said agreement he did not file suit to recover said lands but was present when said deed from  .  .  Freeman to defendant was executed and consented that the same might be done, and such a deed  .  .  was executed.  A copy of said deed being hereto attached.  .  .  (4)  That at said time

. . defendant paid to . . Freeman . . $500, and stated to petitioner that he needed such other money as he had in the bank and asked petitioner if he would not wait a few days on him for the payment of the $500 to petitioner, all of which petitioner agreed to. (5) . . That . . defendant has repeatedly admitted said indebtedness and promised to pay him and but for said promises and said statements . . he would have brought suit to recover said lands. (6) . . That said transaction has been fully executed with the exception of the payment of said $500 and interest thereon which is due to petitioner." Attached to the petition as an exhibit is a copy of a warranty deed from F. M. Freeman to W. B. Hale, dated July 30, 1936, reciting a consideration of $500, and describing the property referred to in the petition.

The demurrer to the petition is substantially as follows: (1) The petition sets out no cause of action. (2) The petition "shows an absolute want of consideration of the contract sued upon," and "does not show, allege or set out any transfer, sale or conveyance of any claim of title belonging to plaintiff to the lands described in said petition to defendant." (3) Demurs specially to paragraph 3 of the petition because "same shows that the contract relied upon by plaintiff . . is such a contract as is required by the statute of frauds . . to be in writing, yet plaintiff does not set out in full a . . copy of said contract. . . Plaintiff should set out . . a copy of this contract in order that he [defendant] might . . be in better position to defend this suit." (4) Demurs to paragraph 3 of the petition because "plaintiff does not state what title he claims or what title he had in said lots. . ." (5) Demurs specially to paragraph 3 of the petition because a copy of the alleged deed from F. M. Freeman to W. B. Hale is not "set out in full." (6) Demurs specially to paragraph 3 of the petition because it "does not allege that plaintiff conveyed any title whatsoever to the lots mentioned in said paragraph," or that "any title that plaintiff claimed in and to the property . . was ever conveyed or transferred to this defendant."

"Compromises of doubtful rights are upheld by general policy, as tending to prevent litigation, in all enlightened systems of jurisprudence." *Smith* v. *Smith*, 36 *Ga.* 184, 191. "When fairly made, courts always favor the compromise of doubtful rights, and they are binding notwithstanding it may eventually turn out that the

point of law was in favor of the party complaining." *Collins* v. *Collins,* 165 *Ga.* 198 (4) (140 S. E. 501). "Moreover, in order to render valid the compromise of a claim, it is not essential that the matter should be really in doubt. It is sufficient if the parties consider it so far doubtful as to make it the subject of a compromise." *City Electric Ry. Co.* v. *Floyd County,* 115 *Ga.* 655, 657 (42 S. E. 45). "The compromise of a contention as to property rights, the final outcome of which, if settled by litigation, the parties consider to be doubtful, furnishes a consideration sufficient to support the compromise contract." *Belt* v. *Lazenby,* 126 *Ga.* 767 (2) (56 S. E. 81). "Compromise may be defined as any agreement or arrangement by which, in consideration of mutual concessions, a controversy is terminated. The word applies equally to controversies in court or out of court. Mere abandonment of one's claims is not a compromise, but abandonment may constitute the consideration for which the other party either concedes some right, parts with something, or sustains some loss or inconvenience, in which event a compromise results." 11 Am. Jur. 246, § 2. "Compromise agreements need not be in writing unless the subject-matter thereof is within the statute of frauds or the local statutes require compromises to be in writing." 11 Am. Jur. 248, § 3. "The owner of a tract of land orally contracted with A for the sale of it. B. proposed to A to be allowed to participate in the purchase. A and B orally agreed that the land should be divided in equal areas, and that the improved moiety should be apportioned to B, who obligated himself to pay the owner one half of the purchase-price of the whole tract and to A one half of the cost of buildings of the value of those on the improved moiety. The owner of the land, on payment of the entire purchase-price (A and B each paying one half), at the request of A made deeds to A and B to their respective moieties, and each entered into possession thereof. *Held,* that the oral contract between A and B is not void for want of consideration. . . The contract was not void under the statute of frauds, as being in parol, under the facts of the case. The transaction falls within the exception to the statute, that where there has been performance on one side, accepted by the other in accordance with the contract, the statute shall not apply." *Flagg* v. *Hitchcock,* 143 *Ga.* 379 (1, 2) (85 S. E. 125). "A contract even as to the sale of an interest in real estate may consist of an

offer, acceptance, and performance." *Hall* v. *Wingate,* 159 *Ga.* 630 (1-a) (126 S. E. 796).

Our conclusion that the petition as amended sets out a cause of action, and that paragraph 1 of the demurrer is not meritorious, will be better understood from what follows. Neither do we think that there is any merit in paragraph 2 of the demurrer. There is no intimation in the amended petition that Lipham did not make his claim to the land in perfect good faith, and both Hale and Freeman thought well enough of that claim to agree that Lipham be paid one half of the agreed selling price of the land in consideration of his not filing any suit to recover the land. On demurrer, we must conclude from the facts pleaded that there was a bona fide controversy as to the ownership of the land, and, whether Lipham's claim was well founded or not, his promise not to file suit for the land was sufficient consideration for Hale's promise to pay him half of the selling price of the land. The action is not based on the theory that Lipham agreed to sell, transfer or convey anything to anybody, and there is no merit in that part of paragraph 2 of the demurrer which attacks the petition because it "does not show, allege or set out any transfer, sale or conveyance of any claim of title belonging to plaintiff to the lands described . . to defendant." Paragraph 3 of the demurrer to paragraph 3 of the petition is likewise without merit. Under the contract pleaded Lipham never undertook to sell, convey or transfer any land or any interest therein to either Hale or Freeman. He merely agreed "not to file any suit to recover" the land and to "permit . . Freeman to complete said trade and execute a deed to defendant;" and with that obligation he complied. Freeman agreed to execute a deed to the land to Hale, and did so. Hale promised to pay one half of the agreed selling price of the land to Freeman and the other half to Lipham. He promptly paid Freeman, but failed and refused to pay Lipham. It thus appears that the only conveyance of land contemplated by the parties was executed, and that the contract was fully executed with the exception that Hale never paid Lipham as he agreed to do. In these circumstances we are satisfied that Hale's promise to pay Lipham half of the selling price of the land is not within the requirement of Code, § 20-401 (4), that "any contract for sale of lands, or any interest in, or concerning them" shall be in writing. We therefore hold that the court did not err in overruling paragraph 3 of the demurrer.

It is contended in paragraph 4 of the demurrer that Lipham should "allege what title he had in and to said lots and more fully set out the title claimed" by him. So far as the amended petition shows, Lipham's claim to the land, whatever it was, was made·in good faith. Furthermore, the contract was fully executed, with the exception of Hale's failure to pay Lipham, and both Hale and Freeman accepted the fruits of the contract based on the compromise of that claim. In these circumstances we do not think it was necessary for Lipham to set out more fully what title he claimed in and to the land. In *Gaskins* v. *Moore, 50 Ga. App.* 529 (2) (179 S. E. 422), cited by plaintiff in error, the petition alleged that "'upon petitioner's surrendering to the said [vendee] all his right, title, equity, demand, and possession' of the land, the vendee would 'thereupon pay to him the sum of $500 as a consideration for such equity and possession,' [and] that 'pursuant to said agreement . . , he [petitioner] surrendered to the said [vendee] all of his right, title, equity, claim, and possession' in said land." This court there held that a special demurrer, pointing out that the averments were "too loose, vague, indefinite, and uncertain to put this defendant on notice of the nature of the demands made on him," was good, and that "the defendant was entitled to specific and definite allegations, if such were a fact, showing what deed or instrument, sufficient to transfer the equity and title of the plaintiff, was executed and delivered." The marked difference between the *Gaskins* case and the one at bar is that the contract in the former contemplated the *transfer* of the plaintiff's title and equity, while in the latter the plaintiff did not contract to transfer any title or equity whatsoever, but merely to refrain from suing for the land. Paragraph 5 of the demurrer was met by the plaintiff's attaching to the amendment to his petition a copy of the warranty deed from Freeman to Hale. Paragraph 6 of the demurrer is likewise without merit. Under the contract pleaded Lipham never contracted to convey title to said lots to anybody, but merely agreed not to file suit for the land and to permit Freeman "to complete said trade and execute a deed to defendant."

In conclusion we hold that the court did not err in overruling the demurrer to the petition as amended.

*Judgment affirmed. MacIntyre, J., concurs. Guerry, J., dissents.*

GUERRY, J., dissenting. This is an action to recover from the

defendant the sum of $500, the purchase-price of certain land of which the defendant is in possession, but to which the plaintiff claims title on the ground that a deed which he had executed to a third party was obtained by fraud. The petition in effect alleges that the defendant came into possession of this land under a deed, the grantor of which had no title, and that the defendant had actual notice at the time he took said deed that the plaintiff had a superior title thereto; that the plaintiff promised the defendant that if the defendant would pay him $500 he would forego his title to said land as against the seller from whom the defendant was buying; that the defendant agreed to pay plaintiff the $500 but now refuses so to do. The consideration of the agreement sued on as alleged in the petition is the purchase-price of the land. Code, § 20-401 (4), provides that any contract for the sale of lands must be in writing. An exception to this rule is stated in Code, § 20-402 (3), which provides: "Where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance."

It is not alleged that the plaintiff has done anything other than that he has promised, if the defendant would pay $500, he would forego his title to the land. It is not alleged that the plaintiff had lost any of his rights, or has been placed in a less favorable position because of the agreement, or that he may not now sue for the recovery of the land, or have set aside and canceled the alleged fraudulent deed he had made to Freeman. *Harper* v. *Gorley,* 128 *Ga.* 444 (57 S. E. 695); *Protestant Episcopal Church* v. *Lowe Company,* 131 *Ga.* 666, 688 (63 S. E. 136, 127 Am. St. R. 243). There was therefore absolutely no consideration for his promise to forbear bringing suit against Freeman to cancel the deed, or may he now be prevented from bringing ejectment against the defendant in this case. It is true that had the agreement been executed by a payment of the money the plaintiff would have been estopped from bringing any action against the defendant for a recovery of the land. The fact that the plaintiff may have been so estopped does not itself create a contract between the plaintiff and the defendant. Contracts are not created by estoppel. If, as alleged in the petition, the action is to recover $500 as the purchase-price of the land, the plaintiff is prevented by the statute of frauds from enforcing a contract which is required to be in

writing. If, as is also alleged in the petition, the consideration was a forbearance to sue and assert title to the land, which agreement was made before the defendant took the deed from Freeman, and in consideration of his promise to forego such title defendant was to pay plaintiff $500, I think the agreement sought to be enforced is one respecting an interest in land and is within the statute.

Under the allegations of the petition there were no differences between the plaintiff and the defendant to compromise or settle, and the law with respect to compromises has no application here, under the facts alleged. Under the allegations of the petition the defendant was seeking to buy a piece of land. The value of the land was alleged to be $1000. The defendant verbally agreed to pay to two parties, each of whom claimed an interest in the land, $500. He paid $500 to one of the parties and took a warranty deed and possession from him. He afterwards refused to pay the other alleged owner. The verbal contract alleged to have been made was in respect to an interest in land and to be enforceable, without more, must have been in writing.

The court erred in overruling the defendant's demurrer to the petition.