Graham vs. Theis.

JOHN B. GRAHAM, plaintiff in error, vs. A. THEIS, defendant in error.

1. A parol contract for the sale of land is not brought within the exceptions to section 1940 of the Code, requiring such contracts to be in writing, by the vendor's making out and tendering to the vendee a deed to the land, unless the vendee accepts the same.

2. The part performance provided by section 1941, as making an exception, must be a part performance of the contract, and the doing by either party of some independent act, not a part of the contract, does not become a part performance, because the doer of the act was led so to act by his belief that the parol contract would be performed by the other party.

3. A contract that one will not bid at an executor's or administrator's sales is illegal, and the refraining from such bidding in part performance of a parol contract for the sale of land, is not such a part performance as brings the parol contract within the exceptions to the Act requiring such contracts to be in writing.

Statute of frauds.   Part performance.   Parol sale of land. Illegal contract.   Before Judge KNIGHT.   Dawson Superior Court.   September Term, 1872.

Adolphus Theis brought complaint against John B. Graham on an account for $400 00.   The bill of particulars annexed to the declaration was as follows:

"*John B. Graham, to Adolphus Theis,*          *Dr.*

June 2d, 1868.   To one undivided interest in and to gold mine on, and lot of number (?) and one undivided interest in and to lot of land number seven hundred and nine, in the fifth district and first section of Lumpkin county, under a verbal contract for the purchase of said land with said Theis, which verbal contract has been so far performed by the said Theis as would render it a fraud on the part of the said Graham to refuse to comply if the Court did not compel a performance, $400 00."

Pending the litigation the plaintiff amended his declaration as follows, to-wit:

"Your petitioner shows that he was induced not to bid for one-fourth interest of lot of land number seven hundred and

nine, fifth section, sold as the property of I. J. Cowl, deceased, at administrator's sale, upon the faith of defendant's agreement to pay $400 00 for the fourth interest in said lot owned by your petitioner. And your petitioner further shows that, acting upon the faith of the defendant's promise and agreement to pay said sum of money to your petitioner for said fourth interest in said lot of land, your petitioner executed a warranty deed to said defendant to said one-fourth interest in said land, and delivered the same to Colonel W. P. Price, as the agent of said defendant, which deed your petitioner now brings into this Court and tenders to the said defendant; and your petitioner further shows that he has upon the faith of defendant's contract fully executed and performed your petitioner's part of said contract. And your petitioner prays that the said defendant be required and decreed to specifically perform his said contract and agreement, to accept the deed brought into Court and tendered to said defendant, and that said defendant be decreed to pay to your petitioner the said sum of $400 00, with interest thereon."

The defendant pleaded the general issue.

The material portions of the evidence introduced upon the trial showed the following facts: W. P. Price was administrator upon the estate of Isaac J. Cowl, deceased; said estate owned a one-fourth interest in lot of land number seven hundred and nine, fifth district, first section of Lumpkin county; on May 3d, 1867, Cowl and plaintiff bought of Martha E. Gaddis a one-half interest in said lot, plaintiff taking a separate deed for his one-fourth. After Cowl died, the defendant spoke to his administrator several times about purchasing the interest of said estate in said lot at private sale; the defendant also spoke about purchasing plaintiff's interest; the administrator informed him that the interest of the estate in said property could only be sold at public outcry, as the statute prescribed; also, that the estate and plaintiff both held under Martha E. Gaddis; defendant informed the administrator that he already owned a one-half interest in said lot, and wished to buy Cowl's interest; also, that his title came though Ice or

Isham Gaddis, and if Martha E. Gaddis' title was from Ice Gaddis, he would risk a purchase, in order that he might have a controlling interest. In June, 1868, the administrator brought the interest of Cowl in said lot to a public sale; he refused to put up said property, unless assured that it would bring a good price, and had a positive knowledge that it would bring something like its true value; the sale was at Dahlonega, in Lumpkin county; the defendant, in the presence of several persons, proposed that if the plaintiff would take $400 00 for his interest, he would bid as high as that amount for Cowl's interest, provided no one would give more than that sum; defendant then authorized the administrator to go and see the plaintiff and say to him that defendant would give $400 00 for his interest, provided he could buy Cowl's interest that day for a like sum; the administrator made the proposition, as directed, and asked plaintiff if he would give more than $400 00 for Cowl's interest; plaintiff said that he could not give that much on that day, and if defendant would give him $400 00 for his interest, he might have it; the administrator stated to plaintiff that if defendant was not compelled, at the sale, to give more than $400 00 for Cowl's interest, he would give plaintiff the same amount for his interest. The interest of Cowl was put up at public outcry and knocked off to defendant at $400 00; defendant then directed the administrator to prepare deeds to the two interests, and to have them ready by the following Monday; the deeds were duly executed, and on that day were tendered by the administrator to the defendant, who requested that he might have a little time to raise the money. At intervals, he paid sums on the Cowl purchase until it was paid for in full; he, for a long time, assured Price that he would take the interest of Theis, but finally declined, because Theis did not have a deed from Ice Gaddis; Price tendered the deed from Theis to defendant; he declined to receive it; Price agreed, at any time, to furnish him certified copies from the records of the deeds constituting the chain of title back of Martha E. Gaddis; defendant, several times, informed Price that the reason he did

not pay Theis was because all of his money was loaned out; Theis did not bid at the sale of the Cowl interest.

The jury returned the following verdict, to-wit: "We, the jury, find for the plaintiff $400 00, with interest and costs of suit, when plaintiff produces original deeds, or certified copies thereof, to said defendant."

The defendant moved for a new trial upon the following, among other grounds, to-wit:

1st. Because the verdict is contrary to law, equity and the evidence.

2d. Because the contract set up by the plaintiff is contrary to public policy and illegal.

3d. Because the contract upon which plaintiff seeks to recover is contrary to the provisions of the statute of frauds.

The Court overruled the motion, and defendant excepted, and assigns error upon each of the aforesaid grounds.

GEORGE D. RICE; WIER BOYD, for plaintiff in error.

1st. Part performance necessary to take case out of the statute of frauds: Code, sections 1940, 3130; 6 Ga. R., 590; 20 Pick. R., 134; 5 Ga. R., 472.

2d. No damage resulted to plaintiff from the refusal to take the title: 12 Ga. R., 52.

3d. The agreement not to bid at the administrator's sale was illegal: Code, section 2708; 6 John. R., 194; 13 *Ibid,* 112; 25 Ga. R., 708; 40 Ga. R., 582.

4th. The verdict is uncertain and void; 27 Ga. R., 469; 17 *Ibid,* 363.

H. P. BELL, for defendant.

McCAY, Judge.

The writing and signing of a deed, and the tender of it to the grantee, is not a conveyance of the land. Until the deed is delivered the instrument is nothing, and so long as the grantee refuses to accept there can be no delivery in fact. The facts show at last only an offer to perform. The grantor

still has the title; he has done nothing by which he is hurt. He is in just as good a situation, as regards the title, as he was before he wrote the deed. No fraud has been practiced on him, by virtue of which he has put himself in a new position by parting with his title, so that to allow the statute of frauds to be pleaded he would be defrauded. The authorities establish that the part performance which entitles a contractor for the sale of lands by parol, to relief, must be a part performance of the terms of the contract. The doing of an independent thing, even though the act, would not have been done but for the contract, is not sufficient: Revised Code, sections 1940, 3130; Fry on Specific Per., 174; Kerr, on Fraud, 135. The basis of the whole doctrine of specific performance, by a Court of equity, of parol contracts for the sale of land, is fraud. The Court will interfere to prevent fraud, but the rule of part performance is confined to part performance of the *contract*. Indeed, the very word performance implies this. Any other rule would place the case altogether in the hands of one party.

If it be contended that the agreement not to bid was a part of the contract, then it is met by the objection that the agreement was illegal. It amounts to a contract to commit a fraud upon the deceased's estate, by stifling bids at the sale. This is contrary to public policy, and is only the more odious that it has the executor for one of the parties. Altogether, we are clear that this is nothing but a plain effort to enforce a parol contract for the sale of lands, with no reason given to make it an exception to the statute.

Judgment reversed.