WEATHERLY *v.* COTTER.

ATKINSON, J. 1. Where, after a defendant is served and suit is pending
against him, he moves from one part of the county to another, and the
territory embracing his changed residence is subsequently formed into a
new county, such defendant is not entitled, by virtue of Civil Code
§§ 829, 5526, 6543, to have the case removed to the new county for trial.
The principle announced in *Pope* v. *State,* 124 *Ga.* 803 (53 S. E. 384,
110 Am. St. R. 197, 4 Ann. Cas. 551)', and *A. & B. Ry. Co.* v. *Johnson,*
127 *Ga.* 392 (56 S. E. 482, 11 L. R. A. (N. S.) 1119), is not applicable.

2. An owner of an industrial plant, being desirous of forming a corpora-
tion to take over the business of such plant, induced another to enter
into a contract to subscribe for a certain amount of shares of the cap-
ital stock of the corporation being promoted, under the following parol
agreement: that if the prospective subscriber would subscribe and pay
for 10 shares of the capital stock of the proposed corporation, of the par'
value of one thousand dollars, the promoter would give the minor son
of such person employment in the proposed corporation, and that at
any time the prospective subscriber became dissatisfied with the stock
the promoter would buy it back from him at its par value, with interest.
The proposed purchaser accepted the offer, paid $1,000, and received a
certificate of shares of stock in the corporation after it was formed.
The corporation took over the business of the promoter and gave the
plaintiff's son employment under the contract. Subsequently the sub-
scriber brought suit against the promoter, setting up facts as above in-
dicated, and alleging that the stock had no market value, and that he
was dissatisfied with his interest in the corporation, and had so stated
to the promoter, and made demands on him to purchase his stock pur-
suant to the terms of his contract and made a continuing offer to deliver
the stock to the promoter, to be paid for at par value with interest.
*Held,* that the petition was subject to demurrer, on the ground that
the contract rested in parol. Civil Code, § 3222; *Hightower* v. *Ansley,*
126 *Ga.* 8 (54 S. E. 939, 7 Ann. Cas. 927); Morse *v.* Douglas, 112 App.
Div. 798 (99 N. Y. Supp. 392); Cook on Corporations (7th ed.), § 339.

3. As the petition should have been dismissed on demurrer, the further trial of the case was a mere nullity.

*Judgment reversed. All the Justices concur.*

SEPTEMBER 23, 1914.  REHEARING DENIED OCTOBER 2, 1914.

Complaint.  Before Judge Graham.  Pulaski superior court. April 11, 1913.

*H. F. Lawson,* for plaintiff in error.

*W. L. & Warren Grice,* contra.