## BAUCOM *v.* PIONEER LAND COMPANY.

BECK, P. J.   1. Where the owner of certain tracts of land and the timber growing thereon entered into a parol contract with another whereby the latter was to "begin immediately to cut such of the pine and cypress

timber on said tracts of land .as would make a merchantable cross-tie,
. . it being contemplated by the parties that the work was to progress
as rapidly as possible and the timber was to be cut and manufactured
into cross-ties as soon as the same could be done in the practical opera-
tion of the cross-tie business, and said operation was to continue until
all of said tracts or parcels of land had been cut over and the timber
thereon manufactured into cross-ties, . . and the plaintiff [the
owner of the land] was to get for the cross-ties manufactured from
said timber the sum of 13 cents per tie, and defendant [the other party
to the contract] was to get such an amount over and above said sum
as he could realize upon the sale thereof, . . it being the intention
of both parties that said work should progress and be completed as soon
as practicable," the contract was one for the sale of growing trees
standing upon land. A sale of growing trees is a sale of an interest in
land, and such a sale, under the statute of frauds, must be in writing,
because it is a contract concerning land. Civil Code, §§ 3222 (4), 3623,
4634; *North Ga. Co.* v. *Bebee,* 128 *Ga.* 563 (57 S. E. 873); *Coody* v.
*Gress Lumber Co.,* 82 *Ga.* 793 (10 S. E. 218). , See, in this connection,
Owens *v.* Lewis, 46 Ind. 488 (15 Am. R. 295), which is cited approv-
ingly in the case last cited.

2. The fact that the purchaser of the standing trees in the instant case had
expended money in procuring hands whereby to cut and remove the
trees, and had purchased an ox with which to move the trees, and had
also cut a part of the trees upon the land in question, was not such
part performance as took the contract out of the operation of the statute.
For, if by the employment of hands and the purchase of the ox injury
was incurred for which the owner of the land is liable, the purchaser
could be compensated by damages.

3. The court did not err in granting the injunction in favor of the owner
of the lands against the other party to the contract, restraining the
latter from entering upon the lands and cutting the timber.

*Judgment affirmed. All the Justices concur.*

No. 996. DECEMBER 12, 1918.

Injunction.  Before Judge Thomas.  Lowndes superior court.
May 15, 1918.

*Whitaker & Dukes,* for plaintiff in error.  *E. K. Wilcox,* contra.