## MARSHALL *et al.* v. HICKS.

ATKINSON, J. 1. Where a tenant sought to recover from a landlord damages for his eviction before the expiration of his term and for two fifths of the value of improvements placed upon the premises by him, it was erroneous for the court to give to the jury an instruction which authorized them to find in favor of the tenant the full value of the improvements placed on the premises by the defendant, as such charge was not authorized by the pleadings of the defendant, in which he sought only to recover two fifths of the value of the improvements.

2. A parol contract for the rent of lands for a period of five years is invalid, and will not have the effect of creating a tenancy for longer than one year (Civil Code (1910), § 3693), in the absence of such part performance of the contract as will take it out of the statute of frauds, as provided in the Civil Code (1910), § 3223 (3).

(*a*) The erection of improvements on the rented premises by the tenant will not amount to such part performance where such improvements were not made in pursuance of the rental agreement that the tenant should make them. The erection of such improvements by the tenant as an independent act, not a part of the contract, does not become a part performance thereof, merely because the doer of the act was led so to act by his belief or understanding that the parol contract would be performed by the other party. *Graham* v. *Theis*, 47 *Ga.* 479 (2); *Simonton* v. *Liverpool &c. Insurance Co.*, 51 *Ga.* 77 (2); *Brunswick Grocery Co.* v. *Lamar*, 116 *Ga.* 1 (42 S. E. 366); *Baucom* v. *Pioneer Land Co.*, 148 *Ga.* 633 (2) (97 S. E. 671); *Bentley* v. *Smith*, 3 *Ga. App.* 242 (3) (59 S. E. 720). The ruling stated above does not conflict with the decision in *Petty* v. *Kennon*, 49 *Ga.* 468, which involved a case in which the contract expressly provided for the doing of the act that was relied on to take the contract out of the statute of frauds.

3. Applying the above principles, the judge erred in his instructions to the jury, and a new trial is required.

*Judgment reversed. All the Justices concur.*

No. 4316. FEBRUARY 26, 1925.

Equitable petition. Before Judge Irwin. Polk superior court. March 12, 1924.

The owners of a certain farm instituted a suit. The petition alleged that the defendant was a tenant whose contract would expire December 31, 1920; that the defendant had been tenant from year to year for several years, paying a very small money rental,

with the understanding that he would make from time to time necessary repairs on the farm in consideration of the small amount of annual money rent; that the farm had been looked after by one of the plaintiffs, who also acted as agent for the other plaintiffs; that petitioners had furnished some material for the defendant, and for the consideration aforesaid he had done certain work in making certain repairs and improvements on the farm, consisting of "one small barn, wire fence around pasture and garden, and repairs on big barn and shop," which improvements are the property of petitioners; the defendant had no right to interfere with the fixtures on the farm, or to remove any of the buildings, parts of buildings, fences, or lumber, but he had threatened and was about to remove from the farm the above-specified improvements or parts thereof and other fixtures. The prayers were for injunctive relief to prevent the removal of any of the improvements. The defendant filed an answer alleging that for a great many years he had rented the farm from a former owner, after whose death he continued to rent from the plaintiffs' named agent; that up to and including 1917 he had not paid as rent more than $455.00; "that said farm at that time was greatly out of repair, and that he would not rent it by the year, but that he did agree to rent it for five years, and entered into a verbal contract for said place for five years for 1918, 1919, 1920, 1921, and 1922 at and for the sum of $500.00 per year. Said Waddell at that time agreed to fix up rent contracts or notes covering the rent of said farm for said five years, but failed and neglected to do so. At that time said farm was in a very bad condition. No repairs had been done upon it in a long time. That it was run down, that the houses were dilapidated, barns and everything out of repair, and a good deal of land on the place had been turned out. Defendant denies that his rent contract expires December 31, 1920, but says that it will not expire until December 31, 1922, and that while his contract was verbal that he has entered upon the place under said contract and stayed there for three years, and has made such repairs and improvements on said place as it would be fraud upon him not to enforce said contract." Other allegations of the answer were, that the defendant furnished all the material and labor in building the small barn, the shop, and the wire fence around the pasture and the garden; that the material for repairs

on the big barn was furnished by plaintiffs, but defendant did all the work; that defendant also furnished the material and built two cribs and one side-room to the main dwelling, and performed the labor of recovering a certain · building called the "Penson house," which service was outside of the contract of rental and was worth $10; that in addition to the foregoing defendant had dug wells and cleared up and put in cultivation about 40 acres of land, which he would not have done except for his contract for the rent of the place for five years; that the repairs and improvements he had made on the farm since the beginning of his five years term were reasonably worth $1000; that if he is to be deprived of the use of the farm, he is entitled to "at least two fifths of the value thereof;" that he desired to hold the farm under his contract for the remaining two years, but the plaintiffs had been endeavoring to get him out of possession and had rented the place to another person; that defendant also drilled a well in 1917, at a cost of $360, which was to be paid for by the plaintiffs, and they have paid only $16. The answer contained a prayer that the defendant be allowed to remain in possession, and that the plaintiffs be enjoined from interfering with his possession; but that, if for any reason it should be held that the defendant was not entitled to hold possession under his verbal contract of five years rental, he be awarded the value of two fifths of all improvements put on the place during the last three years; and for general relief. An amendment to the answer was filed, which alleged that after the filing of the answer the plaintiffs sued out a dispossessory warrant, which was served; that defendant made a counter-affidavit together with a bond, but the sheriff refused to accept the affidavit; that the plaintiffs had rented the farm to another person for the years 1921 and 1922 for the sum of $800 per year, and had received $600 more for the place than they were entitled to receive under the five-year contract with the defendant, which higher rents they were enabled to obtain on account of the improvements which the defendant had made upon the farm; and that the increased rental value rightfully belonged to the defendant, and he had been damaged to the extent of that additional amount. No demurrer was filed to the petition. or to. the answer or the amendment to the answer. The case proceeded to trial, and the jury returned a verdict "in

favor of the defendant, amount of damage four hundred dollars, $400.00." The plaintiffs made a motion for new trial on the usual general grounds, which was afterwards amended by adding certain special grounds amplifying the general grounds and complaining of the charge of the court. The judge refused to grant a new trial, and the plaintiffs excepted.

*Mundy & Watkins,* for plaintiffs. *John K. Davis,* for defendant.