## Giradot v. Giradot.

Atkinson, J. In a suit by a wife against her husband, for specific performance of a contract and for damages, instituted while a separate suit by the husband for divorce was pending, the petition alleged that at a stated time prior to the marriage the petitioner owned and operated "a small retail store," and that upon importunities by the defendant an agreement was made between them "that he would" immediately upon consummation of the marriage give to petitioner a check for $2000, and execute to her a deed conveying a life interest in described realty, "if she would sell her small stock of goods and marry him;" that said promises induced petitioner to "sell at a sacrifice her small store and marry" the defendant "and go to live with him" at his home on the above-mentioned realty. *Held:*

1. A contract for sale of lands to be valid must be in writing. The part performance provided by the Civil Code, § 3223, par. 3, as making an exception, must be a part performance of the contract; and the doing by either party of some independent act, not a part of the contract, does not become a part performance because the doer of the act was led so to act by his belief or understanding that the parol contract would be performed by the other party. *Graham* v. *Theis,* 47 *Ga.* 479; *Brunswick Grocery Co.* v. *Lamar,* 116 *Ga.* 1 (42 S. E. 366); *Baucom* v. *Pioneer Land Co.,* 148 *Ga.* 633 (97 S. E. 671); *Vickers* v. *Robinson,* 157 *Ga.* 731 (122 S. E. 405); *Marshall* v. *Hicks,* 159 *Ga.* 871 (127 S. E. 273); *Crump* v. *Crump,* 152 *Ga.* 533 (110 S. E. 225); *Waters* v. *Waters,* 167 *Ga.* 389 (2) (145 S. E. 460); *Hankinson* v. *Hankinson,* 168 *Ga.* 156 (147 S. E. 106).

2. The alleged contract was within the statute of frauds (Civil Code, § 3222, par. 3), and marriage alone is not such part performance of the parol agreement as will take the case out of the statute. *Bradley* v. *Saddler,* 54 *Ga.* 681, and cit.; *Hammond* v. *Hammond,* 135 *Ga.* 768 (2 a) (70 S. E. 588); *Brought* v. *Howard,* 30 Ariz. 522 (249 Pac. 76, 48 A. L. R. 1347, 1356). However, the marriage and the sale of the store and removal to the defendant's home, in pursuance of the parol agreement, was such part performance as would take the case without the statute of frauds. In this connection, see 25 R. C. L. 451, § 25; Dugan *v.* Gittings, 3 Gill (Md.) 138 (43 Am. D. 306); Christy *v.* Barnhart, 14 Pa. 260 (53 Am. D. 538, 545, and cit.). *Waters* v. *Waters,* and *Hankinson* v. *Hankinson,* supra.

3. The judge erred in dismissing the action on general demurrer.

*Judgment reversed. All the Justices concur, except Beck, P. J., absent for providential cause.*

No. 7874. February 14, 1931.

*B. B. McCowen* and *Thomas L. Hill,* for plaintiff.
*Isaac S. Peebles Jr.,* for defendant.