LAMONS *v.* GOOD FOODS INC. *et al.*

No. 14436.   MARCH 10, 1943.

*W. Neal Baird* and *Neely, Marshall & Greene,* for plaintiff.

*Gambrell & White, John E. Branch, John S. Wilson,* and *Alex M. Hitz,* for defendants.

DUCKWORTH, Justice. Both the petition and the evidence show that the contract between the parties to this suit was in parol, and was for a period of five years. Such a contract is clearly defined by the Code, § 61-102. While it is there provided that a contract creating the relationship of landlord and tenant, if in parol, is valid for one year, it is further declared that if for more than one year it "shall have the effect of a tenancy at will." The contract of the parties to this action stands upon the same footing as a tenancy at will, and the rights of the parties under that contract are determined by the law applicable to a tenancy at will. It is declared in the Code, § 61-105: "Two months' notice is necessary from the landlord to terminate a tenancy at will. One month's notice is necessary from the tenant." The defendant landlord was authorized under the law to terminate the tenancy by giving the two-months notice required by the statute. In giving the notice alleged in the petition, the defendant was simply exercising a right conferred upon it by the law.

But the plaintiff contends that although the lease contract was for a period of more than a year, and being in parol it would ordinarily be outlawed by the statute, nevertheless it has been brought under exception 3 of the Code, § 20-402, by such performance of its terms on the part of the plaintiff as to render it a fraud of the defendant if performance is denied. To sustain this contention it was alleged, and the allegations were supported by evidence, that the tenant, in reliance upon the contract, purchased considerable furniture and fixtures and made some improvement upon the building. It is one thing for the tenant to make these expenditures in reliance upon the contract, but it is a distinctly different thing under the law for her to incur these expenses pursuant to the terms of a contract imposing an obligation upon her to make such expenditures. In the first case, any expenditures she might have made may be chargeable to her lack of ability to properly interpret her rights under the contract as the law fixes those rights,

but they can not be charged to any term or obligation of the contract or to any misdeed of the defendant. The meaning of the contract which she has is clearly and precisely defined by the law. The part performance that will protect a tenant under a contract in parol like the one here under consideration must be performance of duties and obligations imposed upon the tenant by the terms of the contract. *Marshall* v. *Hicks,* 159 *Ga.* 871 (127 S. E. 273); *Neely* v. *Sheppard,* 185 *Ga.* 771 (196 S. E. 452). Even though the plaintiff in the present case made the expenditures which she claims, and even though they would not have been made but for the contract, since under her own testimony they were made, not in pursuance of the terms and obligations of the contract, but because of her reliance upon the contract, they did not amount to such part performance as would take the contract out of the statute of frauds. The rule of part performance is confined to part performance of the contract. Any other rule would place it altogether in the hands of the parties to nullify the plain provisions of law. *Graham* v. *Theis,* 47 *Ga.* 479. The *plaintiff's* evidence when given its most favorable interpretation shows only that despite the fact that she had a contract creating a tenancy at will only, she chose to run the risk of making heavy expenditures in the hope that she would be permitted to continue in possession thereof. Under this evidence the plaintiff was entitled to none of the relief sought, and the court did not err in rendering a judgment of nonsuit. *Judgment affirmed. All the Justices concur.*