32195, 32203.  WELLS *v.* H. W. LAY & COMPANY INC.;
*and vice versa.*

Decided December 3, 1948.  Rehearing denied December 15, 1948.

366

*Robert B. Blackburn, Hewlett & Dennis, T. F. Bowden*, for plaintiff.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Harry S. Baxter, A. G. Cleveland Jr.*, for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ The allegations of the petition are conflicting, and have been set forth at some length above. Although the plaintiff attempted, in paragraph 5 of his amendment, to show that a valid contract had been entered into on May 1, he controverts this fact in paragraph 11 of his original petition by alleging that the contract was for twelve months next succeeding the date on which permission to operate as a contract carrier should be granted. In paragraph 2 of the original petition, it is alleged that, if the application is granted, the company *would enter* into a bilateral contract with the petitioner. The petition also alleges a letter to this effect written by the defendant to the Interstate Commerce Commission, dated May 3. The pleadings, therefore, in this respect are ambiguous as to whether the contract had already been made or was to be entered into after the permit to operate as a contract carrier had been secured from the Interstate Commerce Commis-

sion. Ambiguous pleadings are to be construed unfavorably to the pleader. See many cases cited under catchwords "Ambiguous pleadings," Code (Ann.) § 81-101. Thus construed, the petition alleges that the contract will be entered into after securing the permit. The act of the plaintiff in relinquishing the contract on which he had previously been engaged, and in keeping his truck and driver in readiness after May 1 must, therefore, be considered voluntary on his part.

Nor does it appear that all the terms of the contract were ever agreed upon. The petition alleges that the plaintiff was the owner of one truck, yet it contains as an exhibit a letter from the vice-president of the defendant company referring to "a list of towns to which you will operate your *trucks.*" (Italics ours.) The number of vehicles, their size, the number of trips per week, size of the load, routes, volume of business, number of drivers, and other essential facts on which a contract must be predicated are absent.

"If there was in fact any essential part of the contract upon which the minds of the parties had not met, or upon which there was not an agreement, even through the negotiations evidenced a complete willingness, or even an announced determination, to agree in the future upon such issues as might subsequently arise, it must still follow that a valid and binding contract was not made as of the earlier date." National Bank of Kentucky *v.* Louisville Trust Co., 67 Fed. 2d, 97, 102. "Unless all the terms and conditions are agreed on, and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect." 17 C. J. S. 394. See also *Board of Drainage Commissioners* v. *Karr & Moore,* 157 *Ga.* 284 (121 S. E. 298). "An agreement to reach an agreement is a contradiction in terms and imposes no obligation on the parties thereto." Rosenfield *v.* United States Trust Co., 290 Mass. 210 (195 N. E. 323, 122 A. L. R. 1210, 1216).

■ However, even if the allegations of the petition should be construed in favor of the pleader as an attempt to make a sort of preliminary contract as of May 1, 1946—the plaintiff promising to endeavor to obtain the requisite franchise, and the defendant to help him do so, in order that a contract of carriage might be

entered upon—it is obvious that no agreement was ever entered into, the terms of which could be enforced by either party. Suppose that, at the time of the I. C. C. hearing in September, the plaintiff had decided that he no longer wished to obtain the franchise in question. No contract existed under the terms of which the defendant could have compelled him to go forward with such a hearing. "The rule as to certainty is, that the agreement must be so certain and complete that each party may have an action on it." *Jernigan, Lawrence & Co.* v. *Wimberly,* 1 *Ga.* 220; *Parks* v. *Harper,* 43 *Ga. App.* 269 (158 S. E. 454).

The situation would be similar to that wherein there was an agreement that, if the plaintiff would erect a first-class hotel and accommodate therein employees of the railroad company at half rate, the company would maintain and support the hotel. "Although the declaration set forth various facts, such as building a hotel, maintaining the same, etc., as constituting full performance by plaintiff, the contract itself was too vague and indefinite to afford any safe, satisfactory, or proper basis for computing damages arising from its non-performance by either of the parties." *Hart* v. *Georgia Ry. Co.,* 101 *Ga.* 188 (28 S. E. 637).

The plaintiff in error contends that the various negotiations between the parties, as set out in the petition, were merged into an actual agreement by the parties, as set out in paragraphs 2 and 3. Paragraph 2 states that, "if plaintiff would apply for (a franchise) . . defendant would enter into a bilateral contract." Paragraph 3 shows that the attorney was employed in March. Paragraph 11 states that the contract was for "twleve months next succeeding the date at which permission to operate as a contract carrier should be granted." Paragraph 5 of the amendment further alleges: "On May 1, 1946, defendant . . did constitute and appoint plaintiff, and plaintiff did agree to become the contract carrier of defendant . . for the period of twelve months."

We do not believe that the allegations of the amendment, where no portion of the original petition was stricken, cure the defect appearing on the face of the petition, from which it affirmatively appears that the contract should begin to run from the time at which permission should be granted to act as a contract carrier.

The same ambiguity exists regarding the employment of an attorney, paragraph 3 of the petition alleging that the plaintiff employed the attorney, on the advice of the defendant, in March, 1946, while the amended petition alleges that on May 1 they "agreed that (a named attorney) should be employed."

As hereinbefore pointed out, contradictions must be resolved in favor of the defendant, a petition being most strongly construed against the plaintiff on an appeal from a judgment sustaining a demurrer thereto. *Maynard* v. *Atlanta Gaslight Co.*, 24 *Ga. App.* 5 (99 S. E. 472).

The alleged contract, therefore, falls within the statute of frauds (see Code, § 20-401 (5); *Morris* v. *Virginia-Carolina Chemical Corp.*, 48 *Ga. App.* 702 (1), 173 S. E. 486), unless there has been such part performance of the contract as would render it a fraud on the part of the party refusing to comply (see Code, § 20-402 (3)).

The question then arises as to whether the acts of the plaintiff as set forth in the allegations of the petition are sufficient to show a part performance which would remove the case from this statute. It is apparent that his actions were not in the performance of any essential element of the contract, as he never entered upon the business of acting as contract carrier for the defendant. Whatever contract there was must be taken to be a contract of carriage. In reliance upon the defendant's word that he would secure such a contract, the plaintiff did incur definite expenses. But his is the unfortunate position of having proceeded in the mere hope of obtaining the contract, rather than in the actual performance thereof. "The doing of an independent thing, even though the act would not have been [done] but for the contract, is not sufficient. *Graham* v. *Theis*, 47 *Ga.* 479; *Lane* v. *Lodge*, 139 *Ga.* 93 (2) (76 S. E. 874); *Giradot* v. *Giradot*, 172 *Ga.* 230 (157 S. E. 282); *Taylor* v. *Boles*, 191 *Ga.* 591, 599 (13 S. E. 2d, 352); *Lamons* v. *Good Foods Inc.*, 195 *Ga.* 475 (24 S. E. 2d, 678)." *Smith* v. *Davidson*, 198 *Ga.* 231, 238 (31 S. E. 2d, 477).

It appearing that the petition fails to set forth a cause of action, it is deemed unnecessary to pass upon the ruling of the trial court on each ground of the demurrer. Since the case is be-

ing affirmed on the main bill of exceptions, a decision on the cross-bill is unnecessary. *Massee* v. *Parrott*, 29 *Ga. App.* 109 (5) (114 S. E. 225); *Tift* v. *McCaskill*, 171 *Ga.* 289, 290 (4) (155 S. E. 192).

The judgment of the trial court dismissing the petition on general demurrer is without error.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. MacIntyre, P. J., and Gardner, J., concur.*