20934. SAMFORD v. CITIZENS & SOUTHERN
NATIONAL BANK, Executor.

216

*Smith, Swift, Currie, McGhee & Hancock, Charles L. Weltner,* for plaintiff in error.

*H. H. Perry, Jr.,* contra.

ALMAND, Justice. The judgment under review is one sustaining general demurrers to a petition seeking the specific performance of a parol contract.

The petition in substance alleged: that in 1956 the plaintiff, A. C. Samford, president of A. C. Samford, Inc., owned 90 shares of stock in said corporation; the actual value of the stock at that time was $600 per share, and its par value was $100 per share; that, on or about November 15, 1956, "an oral agreement was entered into whereby petitioner agreed to sell 20 shares of stock to James H. Samford for $2,000, and 20 shares of stock to A. C. Samford, Jr., for $2,000, with the proviso that petitioner could repurchase said stock at any time he saw fit by returning to either son, or to both sons, the amount paid by said son or sons"; that James H. Samford paid the plaintiff $2,000, and 20 shares of stock of the corporation were delivered to him and transferred to James H. Samford on the books of the corporation; that, in December, 1958, the plaintiff decided to repurchase these 20 shares of stock, and demanded of the defendant, the executor of the estate of James H. Samford, that he reconvey 20 shares of stock to him upon his paying to the executor $2,000, which demand was refused. By amendment it was alleged that stock in the corporation is unavailable on the open market, and that the plaintiff is unable to acquire any additional stock from existing stockholders or from the corporation. The prayer was that the defendant be required to transfer and deliver to the plaintiff the 20 shares of stock.

One of the grounds of the demurrers was that the petition seeks to enforce an oral contract for the sale of personal property to the amount of $50 or more, and is therefore unenforcible under the statute of frauds.

■ A contract for the sale of stock in an incorporated company at a price of $50 or more is within the provision of Code § 20-401 (7) (statute of frauds), which requires contracts for the sale of goods, wares and merchandise, to the amount of $50 or more, to be in writing. *Hightower v. Ansley,* 126 Ga. 8 (1) (54 S. E. 939, 7 Ann. Cas. 927).

■ It is insisted by counsel for the plaintiff that the oral agreement here falls within one of the exceptions to the operation of the statute of frauds, in that there "has been performance on one side, accepted by the other in accordance with the contract." Code § 20-402 (2). It is argued that, after A. C. Samford sold the 20 shares to James H. Samford, there was no further duty resting on him on his right to exercise the option to repurchase, and therefore his part of the contract had been fully performed.

The plaintiff here is relying on an option to purchase stock in a corporation, exceeding in amount more than $50, and is in no better position than if he were relying on an unconditional oral agreement to sell and purchase. *Neely v. Sheppard,* 185 Ga. 771 (1) (196 S. E. 452). A contract between parties to an executed sale of personal property to resell is within the statute of frauds. *Walker & Rogers v. Malsby Co.,* 134 Ga. 399, 403 (67 S. E. 1039). In headnote 2 of that case, it was held: "A parol agreement between the parties to an executed contract of sale covering several articles, that the seller would accept a return of one of the articles of a greater value than $50, which was stored under a shed on the buyer's premises, at a stated credit on the notes given for the whole, is a contract of resale by the vendee to the vendor. Such parol contract of resale is invalid under the statute of frauds."

We are of the opinion that the facts alleged in the petition are insufficient to show part performance of the oral option agreement to repurchase the stock so as to bring it within the exception to the operation of the statute of frauds. In this view

we are supported by the case of *Weatherly v. Cotter*, 142 Ga. 457 (83 S. E. 104). There it was alleged that the defendant induced the plaintiff to subscribe for stock in a proposed corporation by orally promising that, if the plaintiff bought the stock and if he at any time became dissatisfied with the stock, the defendant would buy it back, that the corporation was organized, and the plaintiff bought $1,000 worth of stock. In a suit alleging that the stock had no market value and he was dissatisfied with his interest in the corporation, and that he had demanded of the defendant the purchase of his stock pursuant to the agreement, it was held that his suit to recover the value of the stock rested in parol. "Where suit is brought to compel specific performance of a parol contract which under the statute must be in writing, and no facts are alleged to bring the case within any of the exceptions to the statute of frauds, a demurrer on that ground raising such a defense is available to the defendant without filing a special plea to that effect. *Edwards v. Trustees of the Baptist Church*, 147 Ga. 15 (92 S. E. 531)." *Hotel Candler v. Candler*, 198 Ga. 339, 346 (31 S. E. 2d 693).

The court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*