## 22121. ADAMS v. CATES DEVELOPMENT COMPANY.

DUCKWORTH, Chief Justice. Where the averments of a petition are contradicted by exhibits attached thereto, the exhibits will control over the contrary averments. *Strickland v. Lowry Nat. Bank*, 140 Ga. 653 (2) (79 SE 539); *Vandiver v. Endicott*, 215 Ga. 250, 251 (109 SE2d 775); *Irwin v. Dailey*, 216 Ga. 630, 645 (dissent) (118 SE2d 827). Attached to this petition for specific performance is the contract which shows that there were express conditions precedent to the sale, to wit: "approval by Atlanta-Fulton County Joint Planning Commission and Fulton County Sewer Department of residential subdivision plat of property to be submitted by purchasers," and "abandonment by Fulton County authorities of road right of way now existing on north line of described property." Instead of alleging that these conditions have been met, the petitioner avers that it has done "everything necessary in securing their approval of the residential subdivision plat and other items necessary to proceed with this transaction" and further that plaintiff has "duly performed all the covenants and conditions of said agreement *necessary on his part* to be performed." These general evasive allegations will be construed most strongly against the petitioner and therefore they fail to allege that the conditions have been met, thus showing petitioner not entitled to specific performance. This court can not say the conditions are for the benefit of the petitioner and not of the defendant. The rule applied in *Bush v. Black*, 142 Ga. 157 (82 SE 530) and *Thomas v. Eason*, 208 Ga. 822 (69 SE2d 729), does not apply here to excuse the failure to meet the conditions. The court erred in overruling the demurrer. All subsequent proceedings were nugatory.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 9, 1963—DECIDED SEPTEMBER 5, 1963.

*Stephens Mitchell, Mitchell, Clarke, Pate & Anderson,* for plaintiff in error.

*James O. Goggins,* contra.