24297. MOON v. STONE MOUNTAIN MEMORIAL ASSOCIATION.

ARGUED SEPTEMBER 14, 1967—DECIDED OCTOBER 5, 1967— REHEARING DENIED OCTOBER 20, 1967.

*George P. Dillard,* for appellant.

*Mackay, Payton, Harrison & Martin, Donald E. Payton, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Alfred L. Evans, Jr., Assistant Attorneys General,* for appellee.

ALMAND, Presiding Justice. This appeal assigns error on the sustaining of a general demurrer to a two-count petition in which the appellant, C. O. Moon, sought to recover damages for the alleged breach of a lease and concession agreement by the appellee, Stone Mountain Memorial Association, and to require specific performance of said lease and concession agreement.

The amended petition of C. O. Moon, doing business as Variety Distributing Company, sought in Count 1 to recover a money judgment against Stone Mountain Memorial Association, a public corporation created by the General Assembly of Georgia (Ga. L. 1958, p. 61). The allegations of the petition made the following case. Appellant and two named officers and agents of the appellee association in March of 1963 contracted concerning the installation of telescopes at the Stone Mountain Memorial Park whereby appellant would install and maintain coin operated telescope machines for a period of 10 years and appellant would pay to the appellee 50% of the gross proceeds received from such operation. Thereupon appellant purchased and installed 8 coin operated telescopes on the property of the appellee, and these telescopes remained on appellee's property from April of 1963 to July of 1964 when the appellant removed them. The agreement was reduced to writing by the appellant and was to become effective on July 1, 1963. A copy of the purported agreement was attached to the petition, but it shows that it was never signed by the appellee. Under this purported "Lease and Concession Agreement" the appellee, Stone Mountain Memorial Association, granted to appellant, C. O. Moon, "the right to place on the grounds and premises of the association all telescopes to be used by the association for purposes of viewing the attractions on said grounds." Appellant agreed to service, maintain and keep in good condition all telescopes. From the operation of the telescopes, activated by the deposit of a coin, the appellee would receive 50% of the gross receipts. The agreement was to be effective for 10 years. The telescopes remained in operation for one year until July of 1964 at which time upon the appellee's demand the appellant removed all of the telescopes. Appellant alleged that the appellee thereby breached its agreement and that appellant was entitled to recover as damages the costs he had incurred in buying, installing and removing the telescopes. Count 2 of the petition prayed that the appellee be required to specifically perform the lease and concession agreement.

The appellant attached to his petition as an exhibit a purported lease and concession agreement between the parties, but not signed by the appellee. The provisions of this exhibit con-

trol over the allegations of the petition as to the terms of the agreement. *Adams v. Cates Development Co.,* 219 Ga. 255 (132 SE2d 668); *Houston v. Pollard,* 217 Ga. 184 (4) (121 SE2d 629); *Strickland v. Lowry Nat. Bank,* 140 Ga. 653 (2) (79 SE 539).

■ The alleged lease contract as shown by the exhibit, though reciting a term of 10 years, was in parol and was valid for only 1 year. The excess beyond one year created a tenancy at will which could be terminated by the lessor's giving 60 days' notice to terminate the lease. *Code* §§ 61-102, 61-105.

■ The lessee, appellant, contends that the instant case comes within the exception to the Statute of Frauds as provided by *Code* § 20-402 (3) in that appellant has rendered such part performance of the contract that if appellee is not compelled to perform, his refusal to comply would constitute a fraud.

Under the terms of the agreement between the parties all that the lessee agreed to do was to place the telescopes, keep them in good order and collect the receipts. The performance of other acts independent of and not required by the terms of the contract will not be sufficient to constitute part performance so as to bring it within the exception of *Code* § 20-402 (3). In *Lamons v. Good Foods, Inc.,* 195 Ga. 475, 478, 479 (24 SE2d 678), it was said: "The plaintiff contends that although the lease contract was for a period of more than a year, and being in parol it would ordinarily be outlawed by the statute, nevertheless it has been brought under exception 3 of the *Code,* § 20-402, by such performance of its terms on the part of the plaintiff as to render it a fraud of the defendant if performance is denied. To sustain this contention it was alleged, and the allegations were supported by evidence, that the tenant, in reliance upon the contract, purchased considerable furniture and fixtures and made some improvement upon the building. It is one thing for the tenant to make these expenditures in reliance upon the contract, but it is a distinctly different thing under the law for her to incur these expenses pursuant to the terms of a contract imposing an obligation upon her to make such expenditures. In the first case, any expenditures she might have made may be chargeable to her lack of ability to properly interpret her rights under the contract as the law fixes those rights, but they cannot be

charged to any term or obligation of the contract or to any misdeed of the defendant. The meaning of the contract which she has is clearly and precisely defined by the law. The part performance that will protect a tenant under a contract in parol like the one here under consideration must be performance of duties and obligations imposed upon the tenant by the terms of the contract."

"The erection of improvements on the rented premises by the tenant will not amount to such part performance where such improvements were not made in pursuance of the rental agreement that the tenant should make them. The erection of such improvements by the tenant as an independent act, not a part of the contract, does not become a part performance thereof, merely because the doer of the act was led so to act by his belief or understanding that the parol contract would be performed by the other party." *Marshall v. Hicks,* 159 Ga. 871 (2a) (127 SE 273).

*Nicholes v. Swift,* 118 Ga. 922 (45 SE 708) involved an effort on the part of the lessor to collect rent from the lessee under a parol lease of a storeroom for a term of 2 years where the lessee went into possession and paid rent for one year, but 30 days before expiration of the first year gave notice of his intention to terminate the lease and moved out of the rented premises. It was there held that the lease was a tenancy at will and there was not such part performance (*Code* § 20-402 (3)) as to take the contract out of the Statute of Frauds. *Code* § 20-401. See also *Neely v. Sheppard,* 185 Ga. 771 (196 SE 452) and *Graham v. Theis,* 47 Ga. 479 (2).

The allegations of the petition that appellant is entitled to recover as damages, (a) the purchase price of the telescopes, (b) the value of his services in maintaining the machines and (c) the costs of removing the telescopes are insufficient to show that they constituted part performance of the parol contract so as to take the agreement out of the operation of the Statute of Frauds and bring it within the exception of *Code* § 20-402 (3), in that these acts on the part of the appellant were not required in the lease agreement as shown in the exhibit to the petition.

Neither count of the petition stated a cause of action, and it

was not error to sustain the general demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur.*