48092. SMITH et al. v. TOP DOLLAR STORES, INC.

SUBMITTED APRIL 3, 1973 — DECIDED APRIL 13, 1973 — REHEARING DENIED MAY 9, 1973 —

*Allen, Edenfield, Brown & Franklin, Joseph B. Bergen,* for appellants.

*Johnston & Brannen, Sam L. Brannen,* for appellee.

DEEN, Judge. ■ "A lease for a period of five years or more is an

estate for years (*Schofield v. Jones,* 85 Ga. 816, 823 (11 SE 1132); *Anderson v. Kokomo Rubber Co.,* 161 Ga. 842 (132 SE 76)), under the provisions of Code § 85-801." *Ward v. McGuire,* 213 Ga. 563, 565 (100 SE2 d 276). A lease for less than five years, unless by its own terms it specifies differently, will pass only a usufruct. Code § 61-101; *Warehouses, Inc. v. Wetherbee,* 203 Ga. 483 (3) (46 SE2d 894). Examination of the petition and its exhibits shows that the parties to this lawsuit entered into an oral agreement of some sort for a lease of the property involved, on the strength of which, the defendant moved in and started doing business. Contracts involving estates for years and agreements not to be performed within a year are of course within the statute of frauds and must be in writing to be effective. Code § 20-401 (4, 5). A written lease was prepared and signed by the defendant's president dated May 22, 1971, and forwarded to the plaintiffs. This lease showed the term as four and a half years instead of five, the monthly rental at $700 instead of $750 percentage overage showed the gross sales base as $420,000 instead of $450,000, which the plaintiffs contended were proper figures. Instead of signing and returning the lease the landlord returned it unsigned with the changes indicated above and others, some of which dealt with material rights and duties regarding the right to sublease, alterations and additions by the lessee, insurance, renewal options, and indemnity provisions in the event of third party injuries. The lease as submitted contained 18 clauses; the plaintiffs either deleted or materially changed 10 of these, then returned the document with the request that a new copy be made, signed, and reforwarded in conformity with the alterations. This the defendant failed to do, but on the contrary elected to treat itself as a tenant at will under Code § 61-102, gave the required 30-day notice, and moved out. The plaintiffs contend, however, that although the terms of the previous oral agreement are contested, the agreement itself, whatever it may have been, is binding because there has been such part performance under Code § 20-402 (3) as would render it a fraud on the part of the defendant if the court did not compel it to comply, and also because there has been part performance on one side accepted by the other in accordance with the contract.

This case differs from *Shell Petroleum Corp. v. Jackson,* 47 Ga. App. 667 (171 SE 171) where, as the court states, *the entire transaction* could be gathered from the correspondence between the parties together with the lease draft. Here no single necessary element of the oral agreement (except the identity of the property)

appears without dispute. Whether a mere usufruct or an estate for years was intended, what the rent was to be and manner in which its figure was arrived at, what freedom was to be allowed the lessee in the matter of subleasing and purchase options, and so on, could be determined, if at all, only by a swearing contest between the parties. This is exactly what Code § 20-401 seeks to avoid. The fact that the tenant, after moving in, acceded to the landlord's demand that it pay $750 per month instead of $700, and that it make the payments in three checks instead of one to the various landlords requires no different result. The manner in which the checks were drawn is not a part of the oral agreement or either lease draft. A reasonable rent was payable whether there was a lease or not, and the agreement of the tenant to accede to the monthly amount demanded by the landlord is no more a validation of a five-year lease than of a rental from month to month. "A parol contract sought to be enforced as within some exception to the Statute of Frauds must be certain and definite in all essential particulars, and if part performance is relied upon to make if enforceable, the part performance must be performance of an essential element of the contract sought to be proved, and of a character which would render it a fraud on the plaintiff if the defendant refused to comply." *Forest Services, Inc. v. Fidelity &c. Co. of N. Y.,* 120 Ga. App. ·600 (171 SE2d 743).

The third act relied upon is that some work was done on an air conditioning unit shortly after the tenant entered into possession, and the tenant forwarded the bill to the landlord, with the statement: "This was for work performed on the air conditioning units, and as per our lease, I believe it says that the units should have been in good working order at the time we consummated the deal." Was payment by the landlords of this bill (the amount of which does not appear in the record) such performance as would make it a fraud upon them to refuse to enforce a five year lease (Code § 20-402 (3)) or performance on one side accepted by the other in accordance with the contract (Code § 20-402 (2))? Mere repair of some fixture incidental to placing the premises in rentable condition would not ordinarily be so crucial as to render it a fraud on the other party not to comply with an otherwise unenforceable contract. As to performance accepted "in accordance with" the contract, it must first be established that the contract is certain and definite in all essential particulars. *Gragg v. Hall,* 164 Ga. 628 (3, 4) (139 SE 339). Not only is the proposed contract vague in the particulars above pointed out, but even as to the air conditioning

equipment there appears to have been no meeting of the minds. The lease agreement tendered by the tenant contained the provision, "Lessors represent that the heating and air conditioning units are in good operating condition at the time of the commencement of this lease." The unsigned and retendered draft made changes by inserting "are *reported to them to be* in good operating condition . . ." and adding "Been checked as of date of delivery of premises." This indicates a dispute as to the responsibility of the landlord for the very act upon which it relies as being a part performance of the contract, and is not sufficient in and of itself to validate a lease for five years, because not pursuant to an agreement certain and definite in this particular. Cf. *Moon v. Stone Mt. Memorial Assn.*, 223 Ga. 696 (3) (157 SE2d 461); *Hotel Candler, Inc. v. Candler*, 198 Ga. 339 (31 SE2d 693); *Beasley v. Lee*, 155 Ga. 634 (117 SE 743); *Lamons v. Good Foods*, 195 Ga. 475 (24 SE2d 678).

■ That part of the action which seeks damages for injury to the building during the defendant's occupancy states a claim for damages. It was error to dismiss the entire action. The court should have ruled that while the declaration stated no claim for lost rents, because the oral agreement is unenforceable as within the statute of frauds, it did state a claim for property damage to the fixtures, awning, and plate glass window.

■ The motion which is the subject matter of this appeal is one to dismiss the plaintiff's action on the basis of statements set out by the plaintiffs in the declaration in attachment. The court's order is founded on "the pleadings in the case." It was accordingly unnecessary, after the appellant had designated various inter- locutory matters such as requests for admissions and answers, interrogatories, motions and depositions to be omitted from the record, for the appellee to designate them for transmission under Code Ann. § 6-806, since it appears that they were not considered by the trial court and could not be considered by this court. The appellant has filed a motion to tax the cost of transmittal of this additional material against the appellee. The matter has not been passed upon by the trial court which, under Code Ann. § 6-805 (f) has a necessary control over the designation and transmittal of both record and transcript. The proper place for this motion is in the trial court, not the appellate court.

*Judgment affirmed in part; reversed in part. Bell, C. J., and Quillian, J., concur.*