## 31169. ELLIS v. SAVANNAH BANK & TRUST COMPANY OF SAVANNAH.

JORDAN, Justice.

James Ellis appeals from the grant of summary judgment to Savannah Bank & Trust Company in his action against it for specific performance of an alleged contract by the bank, as executor of the will of Lathan B. Broughton, to sell property of the Broughton estate. For a previous appearance of the case see *Ellis v. Savannah Bank &c. Co.,* 234 Ga. 355 (216 SE2d 109) (1975).

1. There was no written contract of sale as required by Code § 20-401 (4). The only writing relied on by the appellant was a letter from a trust officer of the bank stating that the bank was ready to discuss his proposal concerning (undescribed) property of the estate of Broughton.

2. The appellant contends that he is entitled to specific performance of an alleged oral contract, under Code §§ 20-402 (3) and 37-802, because of his part performance of this contract and the admission of the contract by the appellee.

(a) The acts relied on as part performance of the alleged contract were: the appellant deposited $15,000 in his checking account, and made application at the bank to borrow $25,000, for the stated purpose of arranging finances to purchase the property; he began the process of liquidating his business at Hilton Head Island, South Carolina, in preparation for moving to Chatham County; and he retained counsel.

The money deposited in the appellant's checking account was not accepted by the appellee as a part of the purchase price of the property, and the loan application was not acted on prior to the time the appellee notified the appellant that a contract with him would not be consummated. The part performance of a parol contract

for the sale of land which constitutes a valid exception to the statute of frauds "must be a part performance of the contract, and the doing by either party of some independent act, not a part of the contract, does not become a part performance, because the doer of the act was led so to act by his belief that the parol contract would be performed by the other party." *Graham v. Theis,* 47 Ga. 479 (2) (1873); *Baucom v. Pioneer Land Co.,* 148 Ga. 633 (97 SE 671) (1918); *Marshall v. Hicks,* 159 Ga. 871 (127 SE 273) (1925); *Giradot v. Giradot,* 172 Ga. 230 (157 SE 282) (1930); *Hotel Candler v. Candler,* 198 Ga. 339 (31 SE2d 693) (1944).

(b) The evidence showed no admission of the alleged oral contract by the appellee. The depositions of both the appellant and a trust officer of the appellee show that there had been discussions between them concerning a possible future contract, but that no completed contract had been made.

The trial judge did not err in granting the motion of the appellee for summary judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 14, 1976 — DECIDED SEPTEMBER 28, 1976.

*Calhoun & Donaldson, R. B. Donaldson, Jr.,* for appellant.

*John M. Hewson, III, O. N. Otto,* for appellee.