*Elsie H. Griner,* for appellee.

## 56216. FREEMAN et al. v. BAKER.

QUILLIAN, Presiding Judge.

The plaintiffs (now appellants) brought an action seeking to recover damages for the defendant's (now appellee) failure to comply with the terms of a contract for the sale of realty. The defendant answered, denying the material allegations of the complaint, and setting forth the defense that the action was barred by the Statute of Frauds since the contract in question had never been signed by either of the parties. The defendant moved for summary judgment in its favor and both sides introduced affidavits and supporting documents with regard thereto. After a hearing, the trial judge entered an order granting the defendant's motion for summary judgment. Thereupon appeal was brought to this court by the plaintiffs. *Held:*

1. The gravamen of the complaint filed by the plaintiffs was that the defendant failed and refused to consummate the closing of the sales contract. The damages sought were the expenses incurred by the plaintiffs in their efforts to close.

The expenses were for a survey of the land, for attorney fees incurred in an endeavor to get the defendant to close and for loss of interest earnings on the down payment and purchase money note that would have been earned from the closing date.

The contract in question contained in its heading the date "December, 1976." It contained a description of the property, the usual terms and conditions, and special stipulations. Among those stipulations were that the sale shall be closed on or before December 30, 1976. The contract was unsigned.

The plaintiffs contend that the lack of signature was supplied by a letter written by the defendant on February 28, 1977. This letter was written by the defendant to his attorney and a copy thereof sent to the attorney for the plaintiffs. The first sentence of the letter reads "During the month of November, 1976, I agreed to purchase a piece

of farmland, from Mr. Freeman of Henry County (Georgia). It was agreed, that the deal would be closed on or before December 31, 1976." The plaintiff urges the rule that "the requisite written evidence may be supplied from a letter written by the party to be charged . . . or from a course of correspondence." *Capital City Brick Co. v. Atlanta Ice &c. Co.,* 5 Ga. App. 436, 443 (63 SE 562).

The infirmity of the position taken by the plaintiffs is revealed by the very case cited. In *Capital City Brick Co. v. Atlanta Ice &c. Co.,* supra, p. 443 it is pointed out "Any signed writing or series of writings internally connected, *intelligible without parol aid,* and showing or *admitting an agreement coextensive with the stipulations of the alleged contract, is sufficient."* (Emphasis supplied.) In *North & Co. v. Mendel & Brother,* 73 Ga. 400, the Supreme Court held that several papers might form such a memorandum as would satisfy the Statute of Frauds provided the contents of the signed paper make reference to the other written paper as to enable the court to construe the whole of them together. "If, however, it be necessary to adduce parol evidence, in order to connect a signed paper with others unsigned, by reason of the absence of any internal evidence in the signed paper to show a reference to or connection with the unsigned papers, then the several papers taken together do not constitute a memorandum in writing of the bargain." Accord, *Lester v. Heidt,* 86 Ga. 226, 228 (12 SE 214). Thus, two writings, one signed and the other unsigned, cannot be correlated by parol evidence.

In this case the letter which was signed makes reference to an agreement of November, 1976 and a contract with a closing date of December 31, 1976. Without parol evidence, there is no way to connect this statement with an unsigned agreement dated "December, 1976," and providing a closing date of December 30, 1976. In short, there is nothing which shows that the defendant was referring to the unsigned contract and no key by which a reference can be inferred.

2. Under our Code the Statute of Frauds does not extend to the situation "where there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a

performance." Code § 20-402 (3). "While an oral contract ... within the Statute of Frauds may be taken out by part performance thereof where one party to the contract performs some act essential to the performance of the contract which results in loss to him and benefit to the other party thereto, the mere fact that one party entered upon the performance of the agreement . .'. which shows no loss to him or benefit to the other party, was not sufficient to take the contract out of the operation of the statute." *Forest Services, Inc. v. Fidelity &c. Co.,* 120 Ga. App. 600, 604 (171 SE2d 743).

Here, from the proof offered, both parties made expenditures with a view towards consummating a sale. This factual situation is not within the contemplation of the statute. See cases cited under Code § 20-402 (3). In *Smith v. Top Dollar Stores,* 129 Ga. App. 60, 63 (198 SE2d 690), it was noted that "Mere repair of some fixture incidental to placing the premises in rentable condition would not ordinarily be so crucial as to render it a fraud on the other party not to comply with an otherwise unenforceable contract."

The general principle is that an unenforceable contract forms no basis for an action for damages occasioned by the breach of an obligation attempted to be imposed thereunder. See 73 AmJur2d 147, Statute of Frauds, § 518. In 73 AmJur2d 149, it is explained that, upon the repudiation of an invalid contract, a party may recover money paid or property delivered or services rendered in accordance with its terms, but "this is entirely different from permitting of recovery of damages for breach of a parol contract obnoxious to the statute." Moreover, "whatever the form of the action may be, if the proof of a promise or contract within the statute is essential to maintain it, there can be no recovery unless the statute is satisfied." 37 CJS 724, Frauds, Statute of, § 224. Thus, even though a party might incur certain expenses he is not entitled to recover in an action at law based on a contract invalid because of the Statute of Frauds. *Seaman v. Sweat,* 22 Ga. App. 92 (95 SE 378); *Weatherly v. Cotter,* 142 Ga. 457 (83 SE 111).

As shown by the record, there was no basis for the plaintiffs to recover and the trial judge did not err in

granting the defendant's motion for summary judgment.
*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED JULY 11, 1978 — DECIDED SEPTEMBER 11, 1978.

*Perry O. Lemmons,* for appellants.
*Jack B. McNeil,* for appellee.