## 58017. NORRIS v. DOWNTOWN LAGRANGE DEVELOPMENT AUTHORITY et al.

SHULMAN, Judge.

Plaintiff-tenant brought suit against his landlord, McDonald Oil Company, Inc. (not a party to this appeal), and defendant-appellee, Downtown LaGrange Development Authority (condemnor), for the alleged taking of his property without just and adequate compensation. Plaintiff asserted that since the Authority's condemnation peremptorily terminated his parol lease agreement with McDonald, he was entitled to compensation for the taking of his leasehold property.

The trial court granted defendant-condemnor's motion for summary judgment, holding that since plaintiff was a tenant at will and had received adequate notice of the termination of his tenancy, he had no compensable claim against defendant-condemnor. We affirm.

1. Plaintiff contends as error the court's finding (pursuant to Code Ann. § 61-102) that plaintiff was a tenant at will. Although the period of his oral lease with McDonald was to exceed one year, plaintiff contended that since the leasehold was to run for a definite period of time (at least two years and four months, subject to the condition that plaintiff maintain an adequate business on the premises), he was not, as a matter of law, a tenant at will. We must take issue with appellant's contentions of error.

Assuming plaintiff's oral lease with McDonald was for a definite term (compare *Moon v. Stone Mtn. Assn.,* 223 Ga. 696 (2) (157 SE2d 461)), since the duration of the lease was to exceed one year, their agreement created a tenancy at will by operation of law. *Lamons v. Good Foods,* 195 Ga. 475 (24 SE2d 678). See also *Nicholes v. Swift,* 118 Ga. 922 (45 SE 708).

2. Even if his oral agreement created a tenancy at will, plaintiff argues that his part performance rendered

the agreement valid and enforceable as a lease for years.

Specifically, plaintiff alleges that his reliance upon the statements and representations of McDonald, prompting him to purchase "Sage Underwood" (the business owned by McDonald's former tenant), coupled with his possession of the premises and payment of rent, constitutes sufficient part performance to remove his parol lease agreement from the strictures of Code Ann. § 61-102. We cannot agree.

Plaintiff's charge that McDonald's representations induced him to purchase "Sage Underwood" does not supply such part performance as would permit recovery against the defendant-condemnor. See *Weatherly v. Cotter,* 142 Ga. 457 (2) (83 SE 104); *Samford v. C. & S. Nat. Bank,* 216 Ga. 215 (2) (115 SE2d 517). See also *Lamons,* supra; *Moon,* supra.

Nor does the fact that plaintiff was in possession of the property and paid rent thereon serve to validate the parol lease as other than a tenancy at will.

" 'A parol contract sought to be enforced as within some exception to the Statute of Frauds [and Code Ann. § 61-102] must be certain and definite in all essential particulars, and if part performance is relied upon to make [it] enforceable, the part performance must be part performance of an essential element of the contract sought to be proved, and of a character which would render it a fraud on the plaintiff if the defendant refused to comply.' [Cit.]" *Smith v. Top Dollar Stores,* 129 Ga. App. 60, 63 (198 SE2d 690).

Here, the element sought to be supplied was the definite duration of the lease. Plaintiff's possession of the premises and payment of rent does not supply such partial performance as will tend to prove the essential element sought to be proved, that is, the durational term of the lease. See, e.g., *Smith v. Top Dollar Stores,* supra, p. 63. This being so, the part performance asserted by the plaintiff is insufficient as a matter of law to remove the agreement from § 61-102.

Plaintiff, as a tenant at will, received his 60-day notice of the termination of his tenancy (pursuant to Code Ann. § 61-105). Therefore, he had no legally compensable interest in the property upon its subsequent

condemnation. Compare *Alexander v. Rozetta,* 110 Ga. App. 660 (139 SE2d 451). Since defendant-condemnor was not obliged to compensate plaintiff for property in which he had no interest, the trial court property granted defendant-condemnor's motion for summary judgment.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED MAY 30, 1979 — DECIDED SEPTEMBER 14, 1979.

*Loeb C. Ketzky,* for appellant.
*Quillian Baldwin, Horace F. Richter,* for appellees.